THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eugene Hudson, Jr.  Plaintiff

v.                                                              Civil Action No. 17-2094

American Federation Of Government Employees, Defendant

## COMPLAINT

1. Plaintiff, Eugene Hudson, Jr., brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; and 42 U.S.C. § 1981, 1983; to remedy acts of employment discrimination, harassment and retaliation perpetrated against him by the American Federal of Government Employees ("AFGE").

2. Plaintiff contends that AFGE President J. David Cox and other AFGE officials discriminated against him since 2012 because of his race (African-American).

3. Plaintiff further asserts that management retaliated against him for having complained about such discrimination, created a hostile working environment for him, caused him to suffer emotional distress, failed to provide reasonable accommodation, punished him for using medical leave to obtain treatment for work induced maladies and finally terminated his employment.

## Jurisdiction

4. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 1983; and 42 U.S. C. § 2000e.

5. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

1

6. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g)

8. Plaintiff filed charges with the District of Columbia Office of Human Rights and the U. S. Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about July 10, 2017. *(See Exhibit 1: July 10, 2017 Charge of Discrimination filed by Eugene Hudson, Jr.)*

9. On July 11, 2017, the United States Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter. *(See: Exhibit 2: July 11, 2017 Dismissal and Notice of Rights Letter signed by Acting Director Mindy E. Weinstein)*

### Venue

10. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2) as Plaintiff was employed by the American Federation of Government Employees whose headquarters is located in the District of Columbia at the time of his termination.

11. Plaintiff's employment records are maintained by the AFGE in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

### Parties

12. Plaintiff, Eugene Hudson, Jr., an African-American male who is a citizen of the United States and a resident of Prince Georges County, Maryland.

13. At all times relevant to this suit, until his termination on August 8, 2017, Plaintiff was employed with AFGE as the duly elected National Secretary Treasurer.

14. Plaintiff is a member in good standing of the AFGE. Plaintiff was elected

National Secretary-Treasurer of AFGE ("NST") in 2012 and without opposition in 2015 for three-year terms.

15. The two top positions at AFGE are President and NST, and Plaintiff was the first African-American elected to the position of NST.

16. Plaintiff is the first national officer of any race in the history of the AFGE to have been removed from elected office.

17. AFGE maintains its principal office at 80 F Street N.W., Washington, DC 20001. AFGE is a national labor organization with approximately 1034 affiliated Local Unions and more than 15 employees.

18. AFGE's National Executive Council is composed of the National President, the National Secretary-Treasurer, the National Vice President for Women and Fair Practices, and the National Vice Presidents for the 12 AFGE Districts.

**Statement of Facts**

19. Article 9, Section 1 of the AFGE National Constitution states: "The National President shall function as the CEO… subject to the approval of the NEC."

20. J. David Cox is the National President of AFGE. Since 2012, AFGE President J. David Cox and his staff harassed Plaintiff on the basis of his race and created a hostile work environment and terminated his employment.

21. Article X Section 7 of the AFGE National Constitution states that "The National Secretary Treasurer "shall appoint, direct and have supervision of all employees of the Federation employed in the office of the NST, such action to be subject to the approval of the NEC."

22. AFGE President, J. David Cox, Sr., who is Caucasian American, was the

previous NST from August 2006 through August 2012 when he became President.

23. As part of his responsibilities as NST, Mr. Cox supervised Information Services ("IT") with a budget of several million dollars and approximately 12-15 employees) and Human Services with a smaller staff of approximately two (2) employees

24. In approximately June 2016, J. David Cox unilaterally stripped Mr. Hudson of key areas of responsibilities; specifically, supervision of Information Services ("IT") with a budget of several million dollars and approximately 12-15 employees) and Human Services with a smaller staff of approximately four (4) employees.

25. Before unilaterally transferring Human Resources and the Information Services Departments from NST Hudson's area of responsibility, Mr. Cox did not obtain approval from the AFGE National Executive Council ("NEC") which has supervisory authority over the Office of the NST under the AFGE Constitution.

26. In approximately January 2017, OPM issued an order giving all federal employees a salary increase 2.88 %. AFGE salaries are pegged to the OPM schedule. AFGE President Cox gave himself and Joseph P. Flynn, the NVP for District 4, who is Caucasian American, the full Cost of Living Adjustment 2.88%.

27. However, over Plaintiff's objections, President Cox gave Plaintiff only a 2.48% increase.

28. Plaintiff recommended a promotion for Willie Hope, an African American member of his staff and Special Assistant to the NST.

29. Over NST Hudson's objection, Mr. Cox denied Plaintiff's request for Willie Hope's promotion.

30. As part of his constitutional duties as National Secretary Treasurer, Plaintiff Eugene Hudson, Jr. conducted investigations into improper expenditures by certain AFGE employees, including J. David Cox.

31. In the summer of 2016, NST Hudson presented an extensive memorandum explaining his questions about expenses claimed by NEC members on the travel vouchers.

32. In approximately July 2016, President Cox convened an NEC retreat which turned into a discussion of objections to NST Hudson's investigations into improper expenditures for spousal benefits, first class travel engaged in by certain AFGE NVP's.

33. As of August 2016, AFGE's longstanding policy was that the NST would review all vouchers for any NEC members. Until August 2016, NEC Hudson carried out this responsibility which had carried out by David Cox and his predecessors in their positions as duly elected NST.

34. On August 4, 2016, Cox issued a memorandum stating that he would be the sole authority for all NEC members' travel vouchers, except for his own. President Cox took away NST Hudson's authority to question expenses on the expense vouchers for NEC members.

35. Plaintiff was the Chair of the Non-appropriated Fund Instrumentalities Committee ("NAFI"). AFGE President J. David Cox removed Plaintiff from all chairmanships in approximately 2016, including NAFI.

36. In approximately March 2017, President Cox appointed a five-member Legal Rights Committee. The Legal Rights Committee is a subcommittee of the National Executive Council and is composed of members of the NEC.

5

37. The Legal Rights Committee appointed a Committee of Investigations ("COI"), composed of Chairman Gerald Swanke, NVP 11th District (who had previously filed charges against Plaintiff); Alma Lee, and Gabrielle Martin, EEOC Council President.

38. The COI was asked to consider five charges filed against Plaintiff by NVP Keith Hill.

39. In July 2017, the COI dismissed four of the five charges. Regarding the sole remaining charge, the COI found probable cause that a November 15, 2016 email that Eugene Hudson, Jr. sent to AFGE members concerning President Donald Trump's election constituted malfeasance under Article 23, Section 2 (f) of the AFGE Constitution because the email violated the Hatch Act.

40. On July 19, 2017, President J. David Cox, Sr. sent a letter convening the NEC at the National Headquarters for the sole purpose of taking action on the COI report.

41. In August 8, 2017, at a special NEC meeting in Washington, D.C., AFGE found NST Hudson guilty based on the single Hatch Act charge and removed him from Office effective immediately. His membership is not affected. AFGE assigned three Vice Presidents to follow NST Hudson to his office while he removed his belongings.

42. The Hatch Act 5 U.S.C. §§7321-7326 governs the political activities of federal civilian Executive Branch employees. The Hatch Act is administered by the U.S. Office of the Special Counsel (OSC) pursuant to 5 USC §1212 (f) which issues opinions interpreting the Hatch Act.

43. A month after NST Hudson's removal, on September 5, 2017, the U.S. Office of Special Counsel issued a ruling which states that OSC reviewed the email and ruled:

"OSC has concluded that this activity [NST Hudson's sending of the email] would not have violated the Hatch Act."

### Count One: Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 1981/1983 and 2000(e) et seq.

44. Plaintiff realleges and incorporates by reference each allegation contained in the foregoing paragraphs.

45. The Defendant's conduct constitutes discrimination based on race in violation of Title VII, 42 USC 1981/1983 and 2000(e) et seq.

46. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus and actions.

### Count Two: Reprisal for Engaging in Protected Activities

47. Plaintiff realleges and incorporates by reference each allegation contained in the foregoing paragraphs.

48. The Defendant's conduct as alleged herein constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and 42 U.S.C. 1981 and/or 1983. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

### Count Three: Hostile and Abusive Working Environment

49. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII and 42 U.S.C. 1981 and/or 1983.

### Count Four: Defendants Engaged in Pretextual Discrimination

50. Plaintiff realleges and incorporates by reference each allegation contained in the foregoing paragraphs.

7

51. The reasons stated by AFGE for harassing, discriminating against NST Hudson and removing Mr. Hudson from the position of NST are not true. Instead, they were pretext to hide the Defendant's discriminatory animus and racial discrimination.

## Prayer for Relief

**WHEREFORE**, the Plaintiff requests that this Court grant the following relief: court award him: (a) retroactive reinstatement as NST, with all attendant back pay, benefits and other emoluments of employment; (b) the sum of $300,000.00 in compensatory damages suffered because of the discrimination and retaliation; (c) costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and (d) other damages and further relief as deemed just.

## Jury Demand

The Plaintiff requests trial by jury.

Respectfully submitted,

_____
Marlene (Kemi) Morten, Counsel for Plaintiff
D.C. Bar 272575
3825 South Capitol Street, S. W.
Washington, D. C. 20032
 202-379-4806/202-492-5963
*kemimorten@gmail.com*

DATE: October 10, 2017