**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EUGENE HUDSON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES,<br><br>Defendant. | Civil Action No. 17-2094 (JEB) |

**MEMORANDUM OPINION AND ORDER**

For several years, Plaintiff Eugene Hudson, Jr. has been locked in a set of disputes with his former employer, the American Federation of Government Employees. This case concerns alleged racial discrimination in the union's treatment of Hudson while he served as its National Secretary Treasurer and its decision to terminate him in 2017. See ECF No. 1 (Complaint), ¶¶ 13, 20. A related, labor-law suit revolves around Plaintiff's — eventually unsuccessful — bid for the AFGE presidency. See Case No. 17-1867.

Throughout this litigation, the parties have had, to say the least, a contentious relationship. The discovery process often brings out the worst in counsel, and this case has proved no exception. It took over eight months after AFGE had originally proposed a protective order, see ECF No. 16 (Meet and Confer Statement) at 4, for Hudson to consent. This Court then entered the protective order on February 12, 2019. See ECF No. 22. Both parties are bound by its terms. It prescribes a particular process for designating discovery material confidential and settling disputes related to those designations. Specifically, "[t]he party producing any Discovery Material may designate as 'Confidential' any Discovery Material or portion [thereof]

1

that contains non-public and/or sensitive personal or organizational information, the public disclosure of which could, in the good faith opinion of the producing party, adversely affect the privacy, policy, or personal interest of any party of person." Id., ¶ 3. Any party challenging a designation is required to provide written notice to the designating party, who — within ten days — must withdraw the designation or re-designate the materials. Id., ¶ 9. If disagreement persists, they must come to the Court for resolution. Id.

Plaintiff now moves to modify the protective order and for sanctions. See ECF No. 25 (Plaintiff's Motion). The Motion seems to have been prompted by his taking issue with AFGE's designation of the entirety of two depositions as confidential — Plaintiff's own and the deposition of the current AFGE president, David Cox. Hudson urges that both represent gross over-designations, undertaken in bad faith and warranting sanctions. Id. at 2–4. He maintains that this "perverted, unjust outcome" will prevent him from using the deposition testimony in any filings unless he goes through the several-week process of challenging the designations. Id. at 2–3. He further contends that this "abuse[] of [AFGE's] confidential designation authority" demonstrates why, "[t]o prevent a recurrence[,] . . . this Court should grant [the] motion to modify." Id. at 3. Specifically, Plaintiff requests that the protective order should be altered so that both depositions can be used "for any purpose," to require the designating party to justify its selections with specific facts from the outset, and to shorten the process by which disputes over designations are resolved. See Motion to Modify, Attach. 2 (Proposed Order) at 1–2. Defendant opposes any modification and insists its designations were appropriate. See ECF No. 27 (Defendant's Opposition) at 1, 5, 11 n.2.

The Court notes at the outset that much of Plaintiff's Motion appears to be premised on the inaccurate contention that he is prejudiced because he is "prohibited from" using the

deposition testimony "in pleadings filed with the Court unless he first notifies AFGE in writing" and waits for the protective-order process to be completed. See Pl. Mot. at 3. In other words, he is concerned that he will not be able to use the testimony in opposing AFGE's forthcoming motion for summary judgment. This misunderstands the protective order, which does not, in fact, prevent any filing. If he uses the deposition testimony, he must simply place under seal those portions that cite confidential material. If the designations are subsequently withdrawn or modified, the Court can unseal them as appropriate. In those circumstances, where the mandatory process does not prejudice Hudson, a modification of the protective order is unnecessary. This is particularly so since discovery is now complete.

Still, the Federal Rules of Civil Procedure create a presumption in favor of openness — rather than confidentiality — in discovery. See Tavoulareas v. Washington Post Co., 724 F.2d 1010, 1015 & n.10, vacated on other grounds, 737 F.2d 1170 (D.C. Cir. 1984). Likewise, materials on the docket should generally be open to the public, rather than sealed. See EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996). AFGE, here, should consider itself on notice that both of these depositions seem to be substantially over-designated. There appears little reason, for example, to designate Hudson's entire deposition as confidential. Although Defendant suggests it is so designated because "at [his] deposition, AFGE's counsel questioned [him]" about confidential documents, see Def. Opp. at 11 n.2, that is no reason to cloak the whole thing. The union also explains that its seemingly overbroad designation of the Cox deposition is necessary to prevent its use "in an effort to advance . . . [P]laintiff's non-litigation political agenda." Id. at 7. Yet the election is over, and Defendant identifies no lingering or new political purpose to which the deposition could be put. If AFGE persists in such designation, and Hudson is successful in convincing the Court — after undergoing the process

set out in the protective order — that sections of the deposition should be unsealed, sanctions may well issue. At this point, however, Hudson's request for sanctions is denied because Defendant has not refused to follow the protective-order process, in which Plaintiff has not yet engaged.

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion to Modify the Protective Order and Motion for Sanctions are DENIED WITHOUT PREJUDICE.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  June 13, 2019