**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EUGENE HUDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02094-JEB |
| | ) | |
| AMERICAN FEDERATION OF | ) | |
| GOVERNMENT EMPLOYEES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF ROSELLE PARAOAN**

I, Roselle Paraoan, being over 18 and competent to testify, declare as follows based on my personal knowledge:

1. I hold the position of Human Resources Specialist in AFGE's Human Resources ("HR") Department.

2. AFGE's HR Department is responsible for the implementation of AFGE officers' cost-of-living-adjustments ("COLAs"), which are calculated in accordance with the directives of the Office of Personnel Management ("OPM").

3. In 2017, the HR Department implemented COLA increases based on Executive Order 13756, "Adjustment of Certain Rates of Pay," 81 Fed. Reg. 97099, 2016 WL 7487746 (Dec. 27. 2016), and OPM's 2017 Salary Table for the D.C. Statistical area, a true and correct copy of which is attached as Exhibit 1.

4. The annual and locality-based increases provided in Executive Order 13756 produced a COLA of 2.88% for most of AFGE's officers and employees in the D.C. area.



5. However, as shown in Exhibit 1, D.C.-area employees paid at a GS-15 level, Steps 8-10 have their salary capped at "the rate for level IV of the Executive Schedule," which as of 2017 was $161,900.

6. Exhibit 2 is a true and correct copy of AFGE's Constitution. The Constitution requires that AFGE's National Vice Presidents ("NVPs") be paid at a GS-14 salary scale, and AFGE's National Secretary-Treasurer be paid at a GS-15 salary scale. Ex. 2 at AFGE00000056.

7. As of the end of 2016, there were three AFGE NVPs in the D.C. statistical area, all of whom were GS-14s. NVP Flynn is Caucasian; NVP Bunn is African-American; and NVP Thomas was African-American. All three received a 2.88% COLA in 2017.

8. As of the end of 2016, then-NST Eugene Hudson was paid at a GS-15, Step 8 rate, which was $157,971 per year. Exhibit 3 is a true and correct copy of a payroll document showing Hudson's wage rate as of 2016. Exhibit 4 is a true and correct copy of OPM's Salary Table for D.C. Statistical Area for 2016, showing the wage rate for GS-15, Step 8 in the D.C. area.

9. Given the facts set forth in Paragraphs 5 and 8, the Human Resources Department calculated that the highest COLA that Hudson could receive was a 2.48% COLA, which brought his salary up to the cap of $161,900.

10. Exhibit 5 is a true and correct copy of a payroll document showing that Hudson's salary was $161,900.18 as of 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Roselle Paraoan

Dated: _June 20, 2019_ at Washington, D.C.

# Paroan Decl. Exhibit 1

**SALARY TABLE 2017-DCB**
**INCORPORATING THE 1% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 27.10%**
**FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-ARLINGTON, DC-MD-VA-WV-PA**
**TOTAL INCREASE: 2.88%**
**EFFECTIVE JANUARY 2017**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 23,547 | $ 24,335 | $ 25,118 | $ 25,897 | $ 26,680 | $ 27,137 | $ 27,911 | $ 28,693 | $ 28,723 | $ 29,450 |
| 2 | 26,474 | 27,104 | 27,981 | 28,723 | 29,046 | 29,900 | 30,754 | 31,608 | 32,463 | 33,317 |
| 3 | 28,886 | 29,849 | 30,813 | 31,776 | 32,740 | 33,703 | 34,667 | 35,630 | 36,593 | 37,557 |
| 4 | 32,428 | 33,509 | 34,589 | 35,669 | 36,750 | 37,830 | 38,910 | 39,991 | 41,071 | 42,151 |
| 5 | 36,281 | 37,491 | 38,701 | 39,911 | 41,121 | 42,331 | 43,541 | 44,751 | 45,961 | 47,171 |
| 6 | 40,442 | 41,790 | 43,139 | 44,488 | 45,836 | 47,185 | 48,533 | 49,882 | 51,230 | 52,579 |
| 7 | 44,941 | 46,440 | 47,938 | 49,437 | 50,935 | 52,434 | 53,932 | 55,431 | 56,929 | 58,428 |
| 8 | 49,771 | 51,430 | 53,088 | 54,747 | 56,406 | 58,064 | 59,723 | 61,382 | 63,040 | 64,699 |
| 9 | 54,972 | 56,805 | 58,638 | 60,470 | 62,303 | 64,136 | 65,969 | 67,801 | 69,634 | 71,467 |
| 10 | 60,538 | 62,556 | 64,574 | 66,593 | 68,611 | 70,629 | 72,648 | 74,666 | 76,685 | 78,703 |
| 11 | 66,510 | 68,727 | 70,943 | 73,160 | 75,377 | 77,593 | 79,810 | 82,027 | 84,243 | 86,460 |
| 12 | 79,720 | 82,377 | 85,035 | 87,693 | 90,350 | 93,008 | 95,666 | 98,323 | 100,981 | 103,639 |
| 13 | 94,796 | 97,956 | 101,116 | 104,275 | 107,435 | 110,595 | 113,755 | 116,914 | 120,074 | 123,234 |
| 14 | 112,021 | 115,755 | 119,489 | 123,223 | 126,958 | 130,692 | 134,426 | 138,160 | 141,894 | 145,629 |
| 15 | 131,767 | 136,160 | 140,552 | 144,945 | 149,337 | 153,730 | 158,123 | 161,900 * | 161,900 * | 161,900 * |

* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2017 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2017/locality-pay-area-definitions/

# Paroan Decl. Exhibit 2

# American Federation of Government Employees AFL-CIO

*Constitution*

As adopted in August 2015

## 80 F STREET, NW
## WASHINGTON, DC 20001-1583

AFGE_00000047

# CONSTITUTION
# AND RULES

---

# AFGE

### Affiliated with the
### American Federation of Labor and
### Congress of Industrial Organizations

---

As adopted at the Fortieth AFGE National Convention
in Orlando, Florida, August 17-21, 2015

**Price: $4.00**

---

AFGE_00000048

# Table of Contents

ARTICLE

PAGE

| | | |
|---|---|---|
| Preamble | | 1 |
| I. | Name and Headquarters | 1 |
| II. | Objects and Methods | 2 |
| III. | Membership | 2 |
| IV. | Affiliations | 3 |
| V. | Governing Body | 3 |
| VI. | Delegates | 5 |
| VII. | Officers | 6 |
| VIII. | Election of Officers | 8 |
| IX. | Duties of the National President | 9 |
| X. | Duties of the National Secretary-Treasurer | 15 |
| XI. | Duties of the National Vice President for Women and Fair Practices | 16 |
| XII. | Duties of the National Vice President | 16 |
| XIII. | National Executive Council | 17 |
| XIV. | Duties of the National Human Rights Committee | 20 |
| XV. | Duties of the National Fair Practices Affirmative Action Coordinators | 21 |
| XVI. | Duties of the National Women's Advisory Coordinators | 22 |
| XVII. | Duties of the Local Women's Coordinator | 23 |
| XVIII. | Duties of the Local Fair Practices Coordinator | 23 |
| XIX. | Locals | 24 |
| XX. | Duties of Local President | 27 |
| XXI. | Councils | 27 |
| XXII. | Duties of Council President | 28 |
| XXIII. | Offenses, Trials, Penalties, Appeals | 28 |
| XXIV. | Revenues | 32 |
| XXV. | Health and Life Insurance Benefits | 36 |
| XXVI. | Delegates to the AFL-CIO and Other Conventions | 36 |
| XXVII. | Mergers with Other Unions | 36 |
| XXVIII. | Amendments | 36 |
| XXIX. | Initiating Proposals between National Conventions | 37 |

| | |
|---|---|
| Appendix A: AFGE Rules of Conduct for an Election | 38 |
| Appendix B: Standard Local Constitution | 47 |
| Appendix C: Convention Rules | 56 |
| Oath of Union Officers | 61 |
| Oath of Union Membership | 62 |
| List of Emeritus, Memorialized and Deceased Emeritus Officers | 63 |
| Solidarity Forever | 66 |

AFGE_00000049

# CONSTITUTION

## American Federation of
## Government Employees

## Affiliated with the
## American Federation of Labor and
## Congress of Industrial Organizations

———————

### PREAMBLE

For the purpose of promoting unity of action in all matters affecting the mutual interests of government civilian employees in general, all other persons providing their personal service indirectly to the United States Government and for the improvement of government service, we as members of the American Federation of Government Employees, adopt this Constitution and Rules.

———————————

### ARTICLE I
### *Name and Headquarters*

SECTION 1. This organization shall be known as the American Federation of Government Employees (AFGE) and shall be affiliated with the American Federation of Labor and Congress of Industrial Organizations (AFL-CIO).

SEC. 2. It shall be composed of locals throughout the United States, its insular possessions and in foreign territory and countries, now organized and chartered together with those which, hereafter, may be organized and chartered under the provisions of this Constitution.

SEC. 3. The headquarters of this organization shall be in Washington, D.C.

SEC. 4. There shall be published by AFGE an official publication to be known as *The Government Standard*; a copy of such publication shall be furnished to each member.

SEC. 5. All employees hired for positions in the Headquarters office, with the exception of clerical and stenographic help, shall have been members in good standing of AFGE for at least one year prior to their employment or a member for one year or more of the AFL-CIO. If no qualified applicants from the above two sources are available, the area of consideration will be expanded.

———————————

AFGE_00000050

ARTICLE II
*Objects and Methods*

SECTION 1. The object of this Federation shall be to promote the general welfare of government employees, promote efficiency, advance plans of improvement, and promote the full participation of women and minorities in AFGE activities at all levels throughout the Federation.

———————————

ARTICLE III
*Membership*

SECTION 1(a). All persons of the following classes, without regard to race, creed, color, national origin, sex, age, political affiliation, disability, marital status, sexual orientation, or preferential or nonpreferential civil service status, excepting those over whom jurisdiction has been granted to other national or international unions by the AFL-CIO, and excepting officers of unions not affiliated with the AFL-CIO, shall be eligible for full membership in this Federation.

SEC. 1(b). All employees of the United States Government and any of its instrumentalities of whatever nature, including military personnel of the armed forces, and of the District of Columbia, and all other persons providing their personal services indirectly to the United States Government are eligible for membership in this Federation.

SEC. 1(c). Any person who at the time of being separated without prejudice from employment covered by subsection (b) was a member in good standing of any local is eligible to continue membership in this Federation.

SEC. 1(d). Any person separated for unjust cause from employment covered by subsection (b) who was a member in good standing in any local may retain membership in the local. Any member separated by an agency and unsuccessfully represented by the Union is eligible to retain membership if otherwise eligible for retirement.

SEC. 1(e). Special Retiree Affiliation. Any retired person who either:

(1) At the time of being retired from employment covered by subsection (b) was not a member of good standing of any local, or
(2) Has dropped membership in the Federation subsequent to retirement from employment covered by subsection (b),

is eligible for special retiree affiliation in the at-large or recruiting local, except where a local wishes to affiliate its own retiree affiliate members, with all rights, except any representational rights, insured local benefits, voting, candidacy for office, and participation and representation in direct or indirect elections under Appendix A, subject to receipt by the National Secretary-Treasurer of the special retiree affiliation rate of $50.00 per annum, effective September 1, 2006. The national affiliation fee for special retiree affiliation shall increase by the exact amount required to cover any increase in the affiliation fees for the AFL-CIO retiree program, and by the same

2

percentage and on the same date as cost-of-living adjustments to federal annuities.

Sec. 1(f). Special Military Affiliation of DOD Activation: Any person who is drafted, appointed, enlisted and/or placed on orders by Presidential Executive Orders, DOD Directive or Implementing Issuance via Title 10 or Title 32, for the purpose of, but not limited to, national security, war on drugs, anti-terrorist, or national disaster, will be considered a member in good standing while performing such duties.  Locals will not be charged per capita tax on activated members for the duration of their commitment.  It is the responsibility of all local presidents and/or secretary-treasurers to report the starting and ending dates of all activated members to the National Secretary-Treasurer's Office for appropriate per capita tax billing.  At the time of being placed on orders, an individual's tenure or time in service to the local will continue and the individual will be considered as a member in good standing until the time of the return.

Sec. 2. Locals shall have full power to elect or reject applicants for membership. However, locals holding units of exclusive recognition under Public Law 95-454, the laws of the District of Columbia, or the National Labor Relations Act must accept membership applications in accordance with the law or regulation. Honorary membership may be conferred by locals or by a National Convention, provided that such honorary membership shall give its recipient no right to vote or to hold office in any local of this Federation.

---

## ARTICLE IV
### *Affiliations*

SECTION 1. No organization holding a charter from AFGE shall be permitted to affiliate as an organization with any other labor organization or labor body unless that body holds a charter from the AFL-CIO.

---

## ARTICLE V
### *Governing Body*

SECTION 1. The laws and policies of this Federation shall be adopted and promulgated in AFGE National Conventions. This Constitution and any amendments thereto unless otherwise provided shall become effective immediately upon adoption.

Sec. 2. National Conventions shall be the true and legitimate source of all authority and the final court of appeal. No change in the Federation's laws or policies therein adopted or promulgated shall be effected by any officer, committee, or any other body.

Sec. 3. Between sessions of National Conventions the National President, National Secretary-Treasurer (NST), National Vice President for Women and Fair Practices, and twelve National Vice Presidents (NVP) shall constitute the National Executive Council (NEC). The twelve districts are comprised as follows:

AFGE_00000052

| 2nd District-- | Connecticut, Maine, Massachusetts, New Hampshire, New Jersey, New York, Rhode Island and Vermont; |
| 3rd District-- | Delaware and Pennsylvania; |
| 4th District-- | Maryland, North Carolina, Virginia and West Virginia; |
| 5th District-- | Alabama, Bermuda, Florida, Georgia, Puerto Rico, South Carolina, Tennessee and Virgin Islands; |
| 6th District-- | Indiana, Kentucky and Ohio; |
| 7th District-- | Illinois, Michigan and Wisconsin; |
| 8th District-- | Iowa, Minnesota, Nebraska, North Dakota and South Dakota; |
| 9th District-- | Arkansas, Kansas, Missouri and Oklahoma; |
| 10th District-- | Louisiana, Mississippi, New Mexico, Panama and Texas; |
| 11th District-- | Alaska, Colorado, Guam, Idaho, Montana, Okinawa, Oregon, Utah, Washington and Wyoming; |
| 12th District-- | Arizona, California, Hawaii and Nevada; |
| 14th District-- | District of Columbia, Europe, Montgomery and Prince George's Counties in Maryland, Arlington and Fairfax Counties and the cities of Alexandria, Fairfax, and Falls Church in Virginia. |

SEC. 4(a). The National Convention shall meet triennially at such place as the NEC shall select during the months of August or September of each third year in a union hotel, and the date to be set will be left to the discretion of the NEC. The NEC shall name the dates of the National Convention by October 1 of the year preceding the National Convention year, and the National Office shall notify all locals 30 days after said date is set.

The National Convention shall be planned to avoid any conflict with the major religious holy days observed by any religious group among AFGE's membership. If any such conflict should arise, it is the responsibility of the membership representing the affected group to notify the National Office in writing at least six months prior to the suggested date of the National Convention.

The National Convention shall convene on a Monday and close on the following Friday.

SEC. 4(b). In the event of a national emergency which renders the holding of a National Convention impracticable, the NEC, by a majority vote, may postpone the holding of the National Convention until such time as it may become practicable to hold a National Convention. Following postponement of a National Convention, but not later than June 1, the NST shall poll all locals in good standing as of the preceding quarter on the question of further postponement. The results of the poll shall be published immediately in *The Government Standard*.

SEC. 4(c). In any poll of locals as a result of action under subsection (b), a majority vote shall govern.

SEC. 5. Rules and order of business governing the preceding National Convention shall be in force from the opening of the preceding National Convention until new rules have been adopted by action of the succeeding National Convention.

4

AFGE_00000053

SEC. 6. A quorum for the transaction of business shall consist of not less than 30% of the delegates properly seated by the National Convention.

———————————

ARTICLE VI
*Delegates*

SECTION 1. Representation in the AFGE National Convention shall be one vote for each member and shall be based on the average number of paid members for the 12-month period May 1 through April 30. "Member" is defined to be one for whom per capita tax shall have been paid to the Federation. In order to be entitled to representation at the National Convention, a local must pay all per capita tax and all other accounts due to the Federation, including bargaining councils. No local will be eligible to vote in any district caucus, council convention, National Convention or on any council, district or national matter unless per capita tax, bargaining council dues and any other accounts due to the Federation or bargaining councils are paid in full 60 days prior to convening the event. The bargaining council treasurer will submit information on bargaining council delinquencies to the National Secretary-Treasurer 120 days prior to such event and include such information in the report to the Committee on Credentials. Locals and councils will be notified at least 120 days in advance of the Convention of any accounts due.

The requirement pertaining to payment of bargaining council obligations will be applied to all locals and bargaining councils on tape process and to any bargaining council whose records have been certified as acceptable by the National Secretary-Treasurer's office when the bargaining council alleges that an arrearage should disqualify a constituent local.

SEC. 2. Locals having a membership of 100 or less shall be entitled to one delegate; 101-200 members, two delegates; 201-300 members, three delegates; 301-400 members, four delegates; 401-500 members, five delegates; 501-750 members, six delegates; 751-1,000 members, seven delegates; 1,001-2,000 members, eight delegates; and 2,001-3,000, ten delegates. Locals having a membership over 3,000 members are entitled to an additional delegate for every additional 1,000 members. Any local whose charter has not been in existence for one year is entitled to representation at the National Convention in accordance with the above, on the average of per capita tax paid monthly since its admission.

SEC. 3. No local shall be represented by proxy in National Conventions, except as hereinafter provided. Only a member duly elected by his or her own local as a delegate in accordance with the AFGE Rules of Conduct for an Election may represent a local by proxy. That delegate may cast the proxy votes of not more than four locals, in addition to the votes of the local of which such delegate is a member, in accordance with Section 1, provided that those locals have elected that delegate in a secret ballot election.

SEC. 4. Notwithstanding the four-proxy limitation, a duly elected delegate for a constituent local of any approved council may cast the proxy votes of four constituent locals of that council which has elected such delegate in a secret ballot election.

AFGE_00000054

SEC. 5. Locals entitled to more than one delegate may fund fewer than their quota of delegates to National Conventions, but the delegates present whether funded or unfunded may cast the entire vote of the locals so represented on all questions and elections coming before the National Convention.

SEC. 6. Alternate delegates elected in a secret ballot election may be seated in the absence of the delegates elected upon presentation and approval of their credentials.

SEC. 7. There shall be no delegate-at-large.

SEC. 8. The National Office will furnish official credentials directly to each local, and these credentials shall be printed on an official AFGE form. All delegates to National Conventions shall be elected by secret ballot in accordance with the AFGE Rules of Conduct for an Election as provided for in Appendix A of this Constitution by their respective locals at least 30 days prior to the National Conventions, and the names of such delegates shall be certified by the proper officers of locals to the NST at least 30 days prior to the opening day of the triennial National Convention.

SEC. 9. No person may be a delegate to any National Convention unless in good standing in his or her local.

SEC. 10. No person who is a paid employee of the Federation and not an elected officer shall be a delegate to any National Convention.

SEC. 11(a). Any chartered national, regional, state, or district council shall be entitled to two delegates, and such delegates shall pay the same registration fee as other delegates, but may not vote in an election for national officers, except as elected delegates from their own locals, in which case they are entitled to carry their proper share of local votes and any proxies. The registration fee only applies once for dual delegates.

SEC. 11(b). The delegates from national, regional, state, or district councils will be elected by a secret ballot election of the respective councils.

SEC. 12. The National President, National Secretary-Treasurer, National Vice President for Women and Fair Practices, National Vice Presidents, National Women's Advisory Coordinators, and National Fair Practices Affirmative Action Coordinators are by virtue of their election as national officers ex-officio delegates to National Conventions with the full rights and status of a delegate, except that they cannot act as a delegate of their respective locals or proxy delegate, unless duly elected by the local as a delegate.

---

ARTICLE VII
*Officers*

SECTION 1(a). No person shall be a candidate for, or be elected to, national office unless he or she has been an employee, as defined by Article III, Section 1(b), for three consecutive years, and

6

AFGE_00000055

also has been a member in good standing of the Federation for the three consecutive years immediately prior to the date of nomination for the office being sought.

SEC. 1(b). The national officers of this Federation shall be a full-time National President, a full-time National Secretary-Treasurer, and a full-time National Vice President for Women and Fair Practices, to be elected triennially by a majority vote of the National Convention.

SEC. 1(c). All National Vice Presidents, Fair Practices Affirmative Action Coordinators, and National Women's Advisory Coordinators will be elected by secret ballot, by majority votes cast within each respective district, and will be installed at the caucus after their election.

SEC. 2. The terms of the national officers of AFGE shall expire on the election and installation of their successors, or if they cease to be a member in good standing, they thereby automatically shall forfeit said office.

SEC. 3. The entrance salary of the officers shall be consistent with the Classification Act for Federal Employees:

| | |
|---|---|
| (a) National President | Executive Level IV |
| (b) National Secretary-Treasurer | GS-15 |
| (c) National Vice President for Women and Fair Practices | GS-14 |
| (d) National Vice Presidents | GS-14 |

except that an elected officer shall not suffer any loss in pay if occupying a Federal or District government position when elected. The in-grade step raises for the prescribed grades, if any, shall apply.

Pay increases for all national officers will be in accordance with the Federal Employees Pay Comparability Act of 1990 (FEPCA).

SEC. 4. The National President, by and with the advice and consent of the National Executive Council, shall engage suitable offices at Washington, D.C., for the transaction of the business of the Federation.

SEC. 5. A paid employee, as distinguished from an elected officer of AFGE, may be a candidate for any elective office with AFGE, provided he or she is on leave of absence without pay. Upon request, employees will be granted leave without pay for the purpose of seeking elected office. Employees will be granted leave without pay upon announcement of their candidacy. Any announcement as to candidacy shall be made at least 30 calendar days prior to the election, and when candidacy is announced, the employee will be put in a leave without pay status.

AFGE_00000056

---

ARTICLE VIII
*Election of Officers*

SECTION 1. The National President, the National Secretary-Treasurer, and the National Vice President for Women and Fair Practices of AFGE will be elected by secret ballot and a majority vote in accordance with the rules of the National Convention.

SEC. 2(a). National Vice Presidents, Fair Practices Affirmative Action Coordinators, and National Women's Advisory Coordinators are to be nominated and elected at a district caucus to be held within each respective district subsequent to April 30 and prior to June 1 of every third year beginning in 1990.

SEC. 2(b). The method of electing an NVP and Coordinators by each district shall be as follows: the NST shall certify to each incumbent NVP the locals in good standing in his or her district. Subsequent to April 30 and prior to June 1 of any election year, the incumbent NVP in each district will hold a district caucus of representatives of all locals in good standing for the purpose of electing an NVP and Coordinators for that district.

All declared candidates for all national offices will be provided, upon request, the following information as expeditiously as the information is available:

(1) A complete list of the names, business and home addresses, and business telephone numbers of the presidents and treasurers of each local in the district;
(2) One set of the names and mailing addresses of the presidents and treasurers of each local in the district. Additional sets will be supplied to each candidate upon written request to the NST. The cost of these additional sets will be charged the candidate at the actual cost to the Federation;
(3) The names, addresses, and local affiliations of each delegate elected to the district caucus; and
(4) The lists of the locals and voting strengths as computed by the NST.

SEC. 2(c). All delegates to district caucuses shall be elected by secret ballot by their respective locals in accordance with the AFGE Rules of Conduct for an Election as provided for in Appendix A of this Constitution.

SEC. 2(d). Locals in good standing within each district may participate through the medium of a delegate(s). Membership strength will be based on the average number of paid members of the 12-month period through December of the year preceding the election. Each local shall be entitled to cast one vote for each member on all business and elections coming before the caucus, based on said average number of paid members for the previous calendar year for whom per capita tax shall have been paid to the Federation. No local shall be entitled to cast a vote in the district caucus unless all accounts due the Federation, including bargaining councils, from such locals are paid in full. Per capita tax and all other accounts due to the Federation, including bargaining councils, shall be paid in full 60 days prior to convening in order for a local to be entitled to representation

8

AFGE_00000057

or to vote in a district caucus. Locals and councils will be notified at least 120 days in advance of the Convention of any accounts due. The number of caucus delegates a local is entitled to is determined in the same manner as National Convention delegates under Article VI, Section 2. Councils shall not be permitted to send delegate(s) to the caucus. Full-time National Representatives and full-time paid employees of AFGE shall not be permitted to attend the caucus as delegates.

SEC. 2(e). Standard credential forms must be sent in advance of caucuses to all locals in all districts by the NST for insertion of delegates' names and signatures for the local president and secretary or secretary-treasurer.

---

ARTICLE IX
*Duties of the National President*

SECTION 1. The National President shall function as the Chief Executive Officer of the Federation and shall exercise supervision of the affairs of the Federation subject to the approval of the National Executive Council. It shall be the duty of the National President, in accordance with the mandates of the National Convention, to plan and pursue policies which will promote the welfare of the organization; keep the membership fully advised of his or her activities; preside at the triennial Convention and at the meetings of the NEC, unless a different officer is designated by a two-thirds vote of those present and voting; sign all official documents pertaining to his or her office; and travel under budget and general policies of the NEC.

SEC. 2. The National President shall call meetings of the NEC when necessary or when requested to do so in writing by a majority of the members of the NEC.

SEC. 3. The National President shall submit to the National Convention a triennial report of his or her activities.

SEC. 4. There may be employed in the office of the National President under his or her supervision a Director of Organization. The appointment or removal of the Director of Organization shall be recommended by the National President and approved by the NEC. Under the supervision of the National President, the Director of Organization shall be responsible for:

(a) Overall organization planning;
(b) Development of training plans and procedures for organizers;
(c) Conducting training conferences for organizers;
(d) Development of organizational material;
(e) Recommending the appointment of special organizers to carry on the function of the office of the Director of Organization;
(f) Coordinating with NVPs on organizational drives in their respective districts; and
(g) Other administrative duties as assigned by the National President.

SEC. 5(a). The National President shall be authorized and empowered, with the approval of the NEC, to place any council or local under trusteeship, and for safeguard and protection shall take

AFGE_00000058

immediate charge of all equities and properties, tangible or intangible, acquired and/or possessed by any such affiliate for the purpose of preventing corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of bargaining representation, restoring democratic procedures, or otherwise carrying out the legitimate objectives of the Federation. Restoring democratic procedures and carrying out legitimate objectives of the Federation include, but are not limited to, the following situations provided there is justifiable cause for such action.

(1) The affiliate cannot function autonomously because:
    (i) There has been a drastic reduction in force or a temporary or permanent closing of an installation or subsection thereof affecting most members of the affiliate;
    (ii) The number of members in the affiliate is small or widely distributed geographically or is unstable because of irregularities of employment in the bargaining units;
    (iii) There has been an unexpected loss of leadership;
    (iv) A newly established affiliate is in need of assistance because of inadequate treasuries, inexperienced officers, or difficulties encountered in getting organized;
(2) There is a failure of an affiliate's officers to properly manage the affiliate's affairs, resulting in financial mismanagement, such as insolvency or failure to meet its financial obligations, including payment of per capita tax;
(3) There is administrative mismanagement by the affiliate's officers including, but not limited to, a failure by them to carry out the policies of the Federation and/or the adoption of a constitution and bylaws at variance with those required by the Federation;
(4) There is actual or threatened secession of the affiliate from the Federation.

SEC. 5(b)(1). In all cases but secession from AFGE or confirmed loss of leadership, or where the local or council fails to agree to mediation, the National President shall be authorized and empowered with the approval of the NEC, to place any council or local under trusteeship only after the following procedures have been followed:

(1) There will be mediation by a certified mediator, appointed by the National President and paid from the district in which the trusteeship is proposed. A council trusteeship will be paid by the Office of the National President. After mediation and conciliation has been exhausted to resolve any conflict;
(2) The Federation should then review the documentation created during the period for resolution and provide a copy to the NEC;
(3) After the review the disputed local should be notified within 120 days of the proposed notice to place a local in trusteeship and the reason why;
(4) That the Federation allow the local a response period after notification (no more than 30 work days) to state why it should not be placed in trusteeship;
(5) The Federation should then send a decision letter either sustaining or revoking a proposed notice of trusteeship;
(6) This proposed notice should first be served upon the Executive Board by certified mail.

Prior to the imposition of trusteeship, the notice shall be sent by mail from the National Office to all members of the affiliate setting forth the reasons why the affiliate was placed in trusteeship. In all cases except secession or confirmed loss of leadership, all elected officers shall remain in

AFGE_00000059

office until after a decision from a fair and impartial hearing by the Federation. In all cases except secession or confirmed loss of leadership, the National President shall employ an independent arbitrator solicited from the AAA or another arbitration association. The selected arbitrator shall live in close proximity to the council or local where the hearing is being heard. The arbitrator shall have the authority to decide the trusteeship based on the standard of evidence used in the courts. The arbitrator shall conduct a hearing concerning the circumstances surrounding the trusteeship. The arbitrator shall be selected with consultation by the NVP having jurisdiction over the affiliate. The affiliate and the National President designee shall select the arbitrator from a seven-member list supplied by the AAA or other association.

Either party shall have three opportunities to strike from such list until there remains one arbitrator. This last arbitrator shall be selected to hear the case for trusteeship for the affiliate. If it is documented by certified return notice that the local or council will not participate in the selection of the arbitrator after certified notice, the National President shall contact and employ this arbitrator; the expense shall be borne by the district in which the trusteeship is proposed. For proposed council trusteeships, the cost will be paid by the Office of the National President.

The hearing normally shall commence within 60 days after the notice of trusteeship has been served upon the members of the affiliate. The reason for the establishment of the trusteeship will be fully explored through the testimony of witnesses. The arbitrator will rule on questions of evidence and testimony at the hearing.

Within 15 days, the National President will receive the record of hearing, along with the findings and the decision of the arbitrator. He or she shall render a written decision, either ratifying the establishment of the trusteeship if the preponderance of the charges are sustained, or rescinding the trusteeship if the decision is not sustained by a preponderance of the evidence. The National President shall not modify or change the decision of the arbitrator.

SEC. 5(b)(2). In cases of secession or confirmed loss of leadership, the imposition of trusteeship will be followed within 90 days by a report and recommendations by a three-member panel appointed by the President. The panel may act on the basis of the written record, or may hold an on-site hearing, or may take evidence or argument by electronic means.

SEC. 5(b)(3). If the decision/report is for trusteeship, the National President will notify the affiliate; any member may appeal the decision in writing to the Labor Department or the next Convention. A copy shall be mailed by certified or registered mail to the National Secretary-Treasurer of the Federation, within 15 days after the National President has established the trusteeship.

The appeal will be processed under the regulations/guidance of the Labor Department. If the trusteeship is still sustained, the member of the affiliate can only appeal again that decision at the next Convention.

While an affiliate in the Federation is under trusteeship the trustee will ensure that the membership of the affiliate will be involved or participate by: allowing the membership's approval

AFGE_00000060

for all expenditures over $250; providing the membership a voice in setting policy; ensuring representation is given; and allowing the Bill of Rights to govern.

To safeguard and protect the affiliate's assets, the Federation will take immediate charge of all equities and properties, both tangible and intangible, acquired or possessed by the affiliate for the purpose of preventing corruption or financial malfeasance. The Federation will assure the performance of the collective bargaining agreement, restore the duties and responsibilities of the representatives and promote democratic procedures, and otherwise carry out the legitimate objectives of the Federation.

SEC. 5(b)(4). Expedited Trusteeship Process: In situations where there is: (1) a violation of law established by preponderant evidence gathered by AFGE or by local, state, or federal officials; (2) secession from AFGE; or (3) confirmed loss of leadership, the following shall apply:

SEC. 5(b)(5). The National President shall remove incumbent officers and give notice of the imposition of trusteeship to the membership of the local or the constituent locals of the council within five days, providing the time, date, and place of the trusteeship hearing. The National President shall appoint a three member trusteeship hearing panel. The hearing shall take place within 60 days in the vicinity of the local or council headquarters, with the exception of trusteeships imposed for chronic (three months) per capita tax delinquency which will be held in the National Office. Any affected member may appear at the hearing in person or by electronic means, and the hearing panel will receive testimony and documentary evidence from those attending or their representatives.

SEC. 5(b)(6). The hearing panel shall issue its decision within 30 days of the close of the hearing to ratify or rescind the trusteeship, and the National President shall notify the membership of the local or the constituent locals of the council. Any affected member may file an appeal within 15 days of notification to the National Secretary-Treasurer for appeal to the next AFGE National Convention.

SEC. 5(b)(7). The trusteeship shall end within 12 months.

SEC. 5(c). The National President shall be authorized and empowered to revoke or suspend, with the approval of the NEC, the charter of any council or local when the National President has proof that such affiliate body has disbanded, has ceased to be beneficial to the Federation, is in such disarray that its continuation will be prejudicial to the objectives and best interests of the Federation, or when a local is delinquent in paying its monthly per capita tax, assessments or other indebtedness, as provided for in Article XXIV. Any member of the local or council whose charter is suspended or revoked under this subsection may challenge the action by mailing a written statement, setting forth the grounds for the challenge, to the National President within 15 days after the suspension or revocation. The National President will order a hearing on such challenge, and such hearing and appeal procedures will be conducted in accordance with the procedures set forth in Section 5(b) of this Article.

SEC. 5(d). The National President shall be authorized to suspend immediately any officer of an affiliate for serious misconduct, including but not limited to incompetence, negligence, or refusal

AFGE_00000061

to perform duties validly assigned, or any other offense, as described in Article XXIII, Section 2, where in his or her judgment the continuance in office of such officer would be inimical to the best interests of the Federation and its members. At the time of the suspension, the National President shall serve upon the suspended officer by registered or certified mail a written notice of the suspension stating in detail the charges against the officer, and he or she also shall mail a copy of such notice and charges to the president or highest remaining ranking officers of the local. Such suspended local officer shall be tried by his or her local under the procedures established in Article XXIII. However, the National President, when he or she deems it in the best interest of the Federation, or in his or her opinion the local will not proceed promptly to trial, or cannot be expected to fairly or judiciously try the matter, may (1) appoint a trial committee or (2) select an arbitrator under existing Federal Mediation and Conciliation Service or American Arbitration Association procedures, for the trial of the suspended officer. A suspended national bargaining council officer will be tried by a trial committee composed of three members, one of whom shall be an arbitrator selected in accordance with Article XXI, Section 7, and of the others, who shall be appointed by the National President, one shall be a national council president. A suspended local officer shall be tried by a trial committee composed of at least three members or employees of the Federation appointed by the National President, or by an arbitrator selected by the National President. Such trials shall be conducted speedily but with reasonable time for the accused to prepare his or her defense. The procedures described in Article XXIII, Sections 4, 5 and 6 governing the conduct of hearings by local trial bodies shall be followed by the trial committee or arbitrator to assure the accused a full and fair hearing in accordance with the basic requisites of due process. The trial committee or arbitrator shall render a decision suspending the accused for a specific time from his or her office, removing him or her from the office, barring him or her from holding any office for a specified time, and/or suspending for a specified period of time, or removing him or her from membership, or finding him or her not guilty as accused. An officer suspended or removed from office and/or membership shall have the appeal right as set forth in Article XXIII, Section 9, after decision by the trial committee or arbitrator.

The suspension or removal of an officer shall operate only to suspend the right of such person to occupy any office or position, or perform any of the functions thereof, but all other membership rights of such individual shall remain unaffected unless and until the trial committee renders a decision affecting his or her membership rights.

Sec. 5(e). Where the National President determines that the conditions within a local or council are such that a fair and impartial investigation and trial of charges against a member cannot be conducted by the local or council under the provisions of Article XXIII, Section 3, then in that event the National President may appoint a committee of investigation and/or a trial committee, such committees to be composed of at least three members. In lieu of a trial committee, the National President may select an arbitrator under existing Federal Mediation and Conciliation Service or American Arbitration Association procedures. In the case of a national council officer, the composition of the trial committee shall be consistent with Article XXI, Section 7. In no case will the committee of investigation and the trial committee be composed of the same members. All of the due process provisions in Sections 4, 5, and 6 of Article XXIII govern the trial before such trial committee. The findings and recommendations and decision of such trial committee or arbitrator shall be submitted to the National President. Within 15 days after the National President receives the transcript or minutes of the hearing and the findings and recommendation and decision

13

AFGE_00000062

of the trial committee or arbitrator, he or she shall render a written decision. The National President's decision may be appealed by the charged member to the NEC and to the National Convention in accordance with the procedures in Section 9 of Article XXIII.

SEC. 6. The National President shall furnish to the National Vice President for official district publications, and through the resident NVP to any council or local which is in good standing, a mailing list. These lists are for the exclusive use of exchanging publications or for the purpose of organizing.

SEC. 7. The National President, with the approval of the NEC, shall appoint a Budget Committee of not less than three members, one of whom shall be the NST. The duties of the Budget Committee shall be to estimate the revenue of the Federation, to present to the NEC for approval allocations of funds, and to make other recommendations related to the finances of the organization. The National President is authorized to appoint such committees and chairpersons thereof as may be necessary to serve during the Convention period, with the approval of the NEC present and voting.

SEC. 8. The National President may discharge employees other than elected officers only for just cause. If a discharged employee is covered by a collective bargaining agreement or contract, he or she shall have such grievance rights as are provided in that agreement. The NEC shall establish a grievance procedure for all other full-time employees not covered by contract.

SEC. 9. The National President, with the advice and consent of the NEC, shall retain a certified accountant to audit the accounts of the NST immediately following the close of each fiscal year and at such other times as the National President or NEC shall deem necessary. Copies of the annual audit reports shall be furnished to members of the NEC and upon request to any local. Copies of the certified balance sheets and revenue and expense statements from the annual audit reports covering the two immediately prior fiscal years shall be furnished to the presidents of the constituent locals of the Federation at least ten days prior to the triennial Convention.

SEC. 10. The National President may delegate the authority to exclusively recognized national councils:

(a) To meet and confer with agency/activity management for the purpose of entering into negotiated agreements;
(b) To represent members of the recognized bargaining unit on all subjects, matters, and issues embraced by said agreements; and
(c) To administer all collective bargaining agreements entered into and between the parties.

SEC. 11. If the National President for any valid reason, such as ill health, is unable to perform his or her duties for any substantial period of time, he or she shall designate in writing that the NST is to perform his or her duties. Such notice will be served upon the NEC. This designation may be revoked at the discretion of the National President. Vacancies in the office of the National President which occur between Conventions shall be filled by the NST. The office of the NST then shall be filled by a majority vote of the National Executive Council.

_____

14

AFGE_00000063

ARTICLE X
*Duties of the National Secretary-Treasurer*

SECTION 1. It shall be the duty of the National Secretary-Treasurer to have custody of and properly maintain the papers and other documents and effects of the National Office; conduct the correspondence pertaining to his or her office; receive and receipt for all monies; convene and act as NST at the triennial Convention, and travel under the budget and general policies of the NEC.

SEC. 2. The NST, with the approval of the National President and under the policy established by the NEC, shall invest any surplus funds of the Federation in sound securities or deposit them in a bank or banks.

SEC. 3. The NST shall disburse monies of AFGE in payment of obligations incurred on behalf of the Federation after such obligations are approved by the National President or his or her duly authorized agent. Each check drawn upon the funds of the Federation shall be signed by the National President and countersigned by the NST.

SEC. 4. The NST shall furnish the Committee on Credentials at the National Convention a statement of the financial condition of each local.

SEC. 5. In addition to his or her triennial report, the NST shall prepare a quarterly financial report which shall be published. Such reports shall include the following disbursements: salaries, maintenance of Headquarters, travel, and miscellaneous expenditures. Such information is to be itemized by Headquarters department and NVP district and program function expenditures.

SEC. 6. The NST shall submit a triennial report to the Federation covering the membership of the Federation and its locals and a complete statement of all receipts and disbursements during the preceding year. At the expiration of his or her term of office, he or she shall deliver to his or her successor all monies, books, and papers of the Federation which are under his or her control. He or she shall give bond in such sums as the NEC may determine.

SEC. 7. The NST shall appoint, direct, and have supervision of all employees of the Federation employed in the office of the NST, such action to be subject to the approval of the NEC.

SEC. 8. The NST shall direct an audit of the financial records of any affiliate of the Federation to determine its financial status when sufficient cause exists.

SEC. 9. The NST shall preside over meetings of the National Executive Council when the National President is not present.

SEC. 10. The NST or designee shall be the point of contact for all AFGE affiliated organizations, including councils and districts, in order that such parties may have access to the National Headquarters Building Board Room for union purposes on the basis of actual availability.

————————————

15

AFGE_00000064

ARTICLE XI
*Duties of the National Vice President for Women and Fair Practices*

SECTION 1. The National Vice President for Women and Fair Practices shall:

(a) Develop, and exercise general supervision over, the affairs of the Women's Department and Fair Practices Department;
(b) Coordinate with National Vice Presidents on the activities of district National Women's Advisory Coordinators and National Fair Practices Affirmative Action Coordinators;
(c) Report to the National Executive Council on the affairs of the two Departments and on the activities of the District Coordinators;
(d) Consult with the General Counsel on all administrative legal actions involving discrimination initiated by the Department and on requests for initiation of court action;
(e) Preside over meetings of the National Executive Council when the National President or National Secretary-Treasurer is not present; and
(f) Administer the conflict resolution program.

———————————

ARTICLE XII
*Duties of the National Vice President*

SECTION 1(a). The National Vice Presidents shall oversee all organizational work in their respective districts and coordinate as necessary with the Director of Organization. They shall exercise general supervision over the affairs of their respective districts. They shall assist locals in negotiations and implementation of contracts within their respective districts, handle grievances and appeals at the district level up to and including the regional levels, and refer to the National President for adjustment all grievances and appeals not resolved at the district level. However, in the Fourteenth District, the NVP shall be permitted to deal with governmental department heads.

SEC. 1(b). NVPs shall be responsible and accountable to the locals and councils in the district where elected to serve and to the following performance standards:

(1) To represent their district's, locals' and councils' best interests in all interactions with the National Executive Council and National Office;
(2) To follow the democratic process in all official AFGE functions conducted in the district served;
(3) To provide assistance when requested in writing from locals when processing bargaining unit employees' complaints against agency management;
(4) To refrain from any local or council interaction that could be considered a conflict of interest or not in the best interest of all locals or councils in the district served or contrary to Public Law 95-454, Civil Service Reform Act, and Department of Labor regulations;
(5) To follow the mandates of the National Convention and locals and councils in the district served;
(6) To be financially accountable by providing on at least a quarterly basis to all locals, bargaining councils, and DEFCON in the district served a report of all monies, and by providing to locals and councils in the district served for all monies allocated for district functions and

16

Political Action Committee (PAC) monies donated and Legislative Action Fund (LAF) monies; and

(7) To issue to all local and council presidents in the district at least a quarterly report of expenditures showing the funds and time spent on each local and council served, and a pre-caucus audit report showing expenditures to all district locals and councils served. Each council that has local constituencies in the district regardless of where the council officers reside shall receive these reports.

Sec. 2. Each district shall be entitled to at least one resident National Representative who will work directly under the district NVP's supervision and direction. Such National Representative shall be selected, in accordance with the policy established by the NEC, by the incumbent NVP of the district or department to which he or she is assigned, and he or she may be discharged by the NEC, upon recommendation by the NVP or the majority of the locals within the area he or she services, for cause.

---

## Article XIII
### *National Executive Council*

Section 1. It shall be the duty of the National Executive Council of the Federation to watch all legislative measures directly affecting the interests of employees of the United States Government and the District of Columbia and to devise and initiate such legislative actions as the National Convention may direct, and in the interim between National Conventions, shall devise and initiate, whenever necessary, legislative policies consistent with the objectives of the Federation.

Sec. 2. The NEC shall use every legitimate means to organize new locals in every section of the United States, its possessions, and foreign territories.

Sec. 3. The NEC shall instruct all locals to affiliate and actively cooperate with central, state, district, or regional labor bodies in their respective localities. The NEC also shall utilize every legitimate means and effort to consolidate existing compatible locals into larger segments or councils for the purpose of creating stronger union entities and eliminating fragmented organizations. District boundaries will not be a barrier to any merger or consolidation deemed beneficial and for the protection of union members. When previously unrepresented units are organized, if they become part of a national exclusive bargaining unit, the applicable council president will determine the local jurisdiction.

Sec. 4. The NEC shall establish the conditions and regulations on which AFGE publications will be distributed or otherwise supplied to the general public.

Sec. 5. Organizers and other employees of the Federation not specifically provided for herein shall be employed when necessary by the National President, by and with the advice and consent of the NEC.

AFGE_00000066

Sᴇᴄ. 6. The NEC shall have power to make rules to govern matters not in conflict with this Constitution and shall prepare and present a complete report of its activities to the National Convention.

Sᴇᴄ. 7. Any officer of the Federation may have charges filed against him or her for violations of Article XXIII. Any officer of the Federation having charges preferred against him or her may be suspended by a two-thirds vote of the NEC, only after being notified in writing of the charges and given an opportunity to present his or her defense to the NEC.

Sᴇᴄ. 7(a). Charges filed against a national officer of AFGE must be filed in writing with the National President and a copy thereof served by registered mail or personal service upon the officer charged. Delivery of the copy by mail to the official address of the officer involved shall constitute valid service. Charges may be filed solely by a member of AFGE in good standing and for good and sufficient cause, and shall relate solely to acts or omissions required or taken by such officer as an official of AFGE.

Sᴇᴄ. 7(b). The committee of investigation shall be appointed by the National President and shall consist of three members in good standing. The chairman of the committee shall be a national officer and shall be the sole national officer on the committee. The committee of investigation shall investigate the charges by initially interviewing orally or in writing each complainant, the officer charged, and such other persons as it deems necessary to determine if good and sufficient grounds exist for the charge and whether or not material facts concerning the charge are in dispute. The written charges, related papers and correspondence, and all statements, documents, recordings, and reports containing evidence or information obtained in the course of the investigation shall constitute the investigative file.

If the committee of investigation determines that:
(1) Good and sufficient grounds for a charge do not exist, it shall refer the charge to the NEC with a recommendation that it be dismissed;
(2) Good and sufficient grounds for a charge exist, but that no material facts are in dispute, it shall refer the charge to the NEC for decision on the basis of the investigative file; and
(3) There are material facts in dispute, it shall refer the charge to a trial committee.

Sᴇᴄ. 7(c). The trial committee shall consist of three national officers. The National President shall select one member, the officer who is the subject of the charges shall select one, and those members shall select a third member who shall be the chairman of the trial committee.

The trial committee shall have full authority to conduct a fair and thorough trial of the charges, hold hearings, take testimony under oath, receive documents, affidavits, and records as exhibits, take depositions, and issue interrogatories, and do all things necessary to ascertain the truth, make a verbatim transcript of testimony, establish a record of all relevant and material evidence, and provide a written report and recommendation on each charge as to whether it is sustained or not sustained and the appropriate discipline, if any, to the NEC.

18

The trial committee shall complete its proceedings and issue its final report and recommendation within 90 days of the referral of the charge to it, unless for good cause, the NEC grants an extension of time. No such extension of time shall be granted for more than 30 days.

SEC. 7(d). Each member of the NEC shall have a copy of the complete record available to it as well as the trial committee report and recommendation for at least ten days prior to voting upon the final decision. Voting may be by mail ballot or at a duly constituted meeting of the NEC. The national officer under charges shall abstain from voting as a member of the NEC. It shall take a two-thirds vote of the remaining members of the NEC to sustain a charge and to impose discipline. The NEC shall take separate votes on each charge, and on the discipline, if any, appropriate to each charge which is sustained.

Where the NEC upholds, in whole or in part, any decision which results in a penalty imposed upon an individual, that individual may appeal to the next National Convention of AFGE under Article XXIII, Section 9, of the AFGE Constitution, provided, however, that the appeal is filed in writing, by certified or registered mail, with the National Secretary-Treasurer within 30 days of receipt of the notice of the decision of the NEC.

Such suspension by the NEC, to become permanent, must be sustained by a majority vote of the next regular National Convention.

SEC. 8. Any affiliate of the Federation desiring assistance from the Federation in the adjustment of grievance or disputes shall submit to the National President the full certified statement of such grievance or dispute and shall receive within 20 days a decision from the National President as to whether the affiliate will be sustained. Such affiliate however, has the right of appeal to the NEC as a whole, provided such grievance or dispute is prepared by such affiliate and presented by its delegate or delegates in person at a meeting of the NEC or duly authorized committee of representatives thereof.

SEC. 9. No money of AFGE shall be expended unless authorized by the NEC or specifically provided for by act of National Convention.

SEC. 10. The NEC, during the interim between National Conventions, is authorized to constitute itself a standing committee of the NEC with respect to any matters within the jurisdiction of the NEC, and such standing committee may designate subcommittees composed of its own members to act for it on matters within the jurisdiction of the NEC, provided that the NEC shall have the right to veto any action of the standing committee or any subcommittee thereof.

SEC. 11. The NEC is directed to provide and conduct a uniform pension plan for the full-time officers and full-time employees.

SEC. 12(a). Accurate minutes of all actions and votes of the NEC shall be kept, and shall be made available to each National Vice President and council president upon request, and shall be shown to local presidents upon request.

AFGE_00000068

SEC. 12(b). Within one month or 30 days after each and every meeting of the NEC, a report of such meeting shall be mailed to the president of each local. The report may be in abstract form but should include the following items:

(1) The agenda;
(2) The disposition of each item on the agenda;
(3) The manner in which each member of the NEC voted; and
(4) As to any item on the agenda which was tabled, the report shall set forth the reason for the tabling of the item, the names of the members of the NEC who moved and seconded the motion for the tabling of the item, and the manner in which each member of the NEC voted on the motion. If any member opposed the tabling, such member shall be given the opportunity of stating his or her reason for opposing the tabling of the item.

SEC. 12(c). NEC meetings normally should be held at the AFGE National Headquarters, Washington, D.C., except during the AFGE National Conventions, and except that the NEC is authorized to convene in a regular meeting outside of Washington, D.C., providing such a meeting costs no more than convening a regular NEC meeting in Washington, D.C. All NEC meetings shall be open "sunshine" meetings to the Federation, and advance notice to locals and councils of the location of NEC meetings will be published by the Federation. Whenever a majority of the NEC gathers in the same location to address business of the Federation, such gathering will be considered a meeting pursuant to this Section. All NEC committee meetings also will be considered meetings pursuant to this Section, with the exception of the Legal Rights Committee when dealing with individual legal rights matters. Members may participate in the debate of issues and motions before the NEC. Any member attending the NEC meeting should be allowed up to three minutes to express comments for the good of the Federation.

SEC. 13.  The NEC will develop a Continuation of Operations Plan to cover all locals, councils, districts and National Office operations, by May 15, 2010.

---

ARTICLE XIV
*Duties of the National Human Rights Committee*

SECTION 1. The National Human Rights Committee (NHRC) is comprised of the National Vice President for Women and Fair Practices and the 24 elected district officers called the National Fair Practices Affirmative Action Coordinators (FPAAC) and the National Women's Advisory Coordinators (NWAC). The purpose of the NHRC is to study and recommend legal, legislative, and administrative proposals relating to improving working conditions, with a focus on eliminating employment discrimination in the Government. These proposals may be presented to the National Executive Committee (NEC) through the National Vice President for Women and Fair Practices. The topics of these proposals include but are not limited to eliminating discrimination based on race, color, age, sex, religion, national origin, disability/handicap, genders, political affiliation, personal appearance, family responsibility, and sexual preference or sexual orientation as they relate to the quality of life for AFGE members, their families, and their committees.

SEC. 2. The National Human Rights Committee (NHRC) will elect a Chairperson, Vice

20

Chairperson, and Secretary to preside over meetings of the Committee at the next HRC meeting and elect such officers thereafter every three (3) years beginning after the 2011 Caucus.

---

ARTICLE XV

*Duties of the National Fair Practices Affirmative Action Coordinators*

SECTION 1. These Coordinators may advise, assist and/or represent members on EEO issues, monitor trends in EEO laws and regulations and may recommend a human rights, civil rights, and worker's rights national action plan for AFGE. They also provide and assist in training on EEO issues throughout the district they represent. These Coordinators are elected at a district caucus every three years. They recruit and develop Local Coordinators in their respective districts and will:

(a) Mobilize AFGE members around civil, human, and worker's rights in their district. They are charged to work closely with the National Women's Advisory Coordinators (NWAC) and National Vice President (NVP) to help raise the profile of civil and human rights and strengthen the worker's rights agenda in their respective districts;

(b) Submit quarterly status report on district activities to be reported to the AFGE National Executive Council;

(c) Work with locals in their district to ensure Local Fair Practices Coordinators are appointed or elected;

(d) Serve as the catalyst to disseminate information affecting civil, human, and worker's rights issues throughout the district;

(e) Inform the NVP and National Vice President for Women and Fair Practices of local civil, human, and worker's rights issues with the potential of having a national impact;

(f) Participate in leadership training seminars or other skill building opportunities in their districts annually;

(g) Coordinate member participation in civil, human, and worker's rights activities within the locals and councils in their district;

(h) Work with the AFL-CIO constituency groups and other allied organizations to improve the coalition base;

(i) Maintain accurate financial and travel records for their district activities; and

(j) Serve as a member of the National Human Rights Committee.

21

AFGE_00000070

---

ARTICLE XVI
*Duties of the National Women's Advisory Coordinators*

SECTION 1. These Coordinators monitor trends in women's and work/life issues, recommend a national working women's action plan for AFGE, and advise, assist and/or represent members on women's issues. They also assist locals in training sessions throughout the district where they were elected. These Coordinators are elected at a district caucus every three years. The National Women's Advisory Coordinator (NWAC) will recruit and develop Local Coordinators and will:

(a) Mobilize AFGE members around women's issues in their district. They are charged to work closely with the National Fair Practices Affirmative Action Coordinators (NFPAAC) and National Vice President (NVP) to help raise the concerns of women and minorities and strengthen the worker's rights agenda in their respective districts;

(b) Submit quarterly status report on district activities to be reported to the AFGE National Executive Council;

(c) Work with locals in their district to ensure Local Women's Coordinators are appointed or elected;

(d) Serve as the catalyst to disseminate information affecting women's issues throughout the district;

(e) Inform the NVP and National Vice President for Women and Fair Practices of local women's issues with the potential of having a national impact;

(f) Participate in leadership training seminars or other skill building opportunities in their districts annually;

(g) Lobby and engage local legislators on issues that impact women and their families;

(h) Work with local community, women's, religious, and AFL-CIO constituency groups on women's issues that affect AFGE members;

(i) Maintain accurate financial and travel records for their district activities; and

(j) Serve as a member of the National Human Rights Committee.

AFGE_00000071

---

ARTICLE XVII
*Duties of the Local Women's Coordinator*

SECTION 1. The Local Women's Coordinator (LWC) is primarily concerned with any issue that has an adverse impact on women in the workforce. The main objective of the LWC is to assure that the agency maintains policies and practices which are free from artificial barriers to the progress of women. Duties of the LWC may include submitting proposals and recommendation through the appropriate local channel to their agency to adopt policies and programs within their agencies. Among the areas of concern are childcare, gender-based wage discrimination, sexual harassment, alternate work schedules, upward mobility, career development, family friendly leave policies, health and safety matters, and leadership skills development. The above issues are but a few that should be addressed by the Coordinator. All actions to resolve issues may require the LWC to pursue solutions within their agency, through the appropriate local channels, or seek legislative solutions. The LWC will stress the importance of organizing members around these issues and will assist in the recruitment of new members.

SEC. 2. The LWC will work together with AFGE National, district, council, and local officers to effectively work toward eliminating issues that have an adverse impact on women in the workplace.

SEC. 3. All newly established local, council, and national steering-type committees shall include in their proposed bylaws, constitution, articles, or articles of operation, the positions and duties of both Women and Fair Practice Coordinators.

---

ARTICLE XVIII
*Duties of the Local Fair Practices Coordinator*

SECTION 1. The Local Fair Practices Coordinators (LFPC) are primarily concerned with equal employment opportunity and affirmative employment in the workplace. Their primary focus is direct assistance and/or counseling to members with inquiries or complaints of discrimination. LFPCs should be familiar with EEO laws and regulations so they can take an active role in the complaint process by assisting stewards with strategies for winning complaints. Another major focus of the LFPC is to assure that agency officials properly identify under-representation of minorities, women, and persons with disabilities. Once an under-representation has been identified, the LFPC will take actions to correct the situation through the appropriate local channel. These corrections may be addressed by working within the agency's EEO program and/or through the negotiation of strong contract language.

SEC. 2. The LFPC's activities also will include grassroots action on EEO or civil rights legislation, always stressing the importance of organizing new members around these issues and assisting in new member recruitment.

23

AFGE_00000072

SEC. 3. The LFPC will work together with AFGE National, district, council, and local officers to effectively work toward eliminating discrimination of any kind in government.

---

ARTICLE XIX
*Locals*

SECTION 1. This Federation may have locals for which the National Secretary-Treasurer, under authority of the National Executive Council, issues or amends a charter. Each local shall bear the name, "AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES Local No. __, AFL-CIO."

SEC. 2. Each application for charter for locals must be signed by the National Vice President and sent to the NST together with copies of the membership forms for each charter member.  The charter members will be entered into the AFGE membership data base through the NST's Office, and the local will be charged appropriate per capita tax.

SEC. 3(a). Every local of AFGE shall adopt an approved constitution. Effective January 1, 1985, all new locals, or existing locals whose constitutions have not been approved on or after September 1, 1979, shall be governed by a standard local constitution as set forth in Appendix B of the AFGE National Constitution. Provisions of the then existing local constitution or bylaws not conflicting with the AFGE National Constitution or, if applicable, the constitution of a national bargaining council, including the dues, fees, and assessments, shall remain in effect unless and until superseded by action of the local.

SEC. 3(b). Any local wishing to adopt the standard local constitution, as contained in Appendix B of the AFGE National Constitution, may do so in accordance with the amending provisions of its current constitution. Copies of the minutes of such meeting(s) shall be sent to the National President in support of the request for NEC approval.

SEC. 3(c). Any local not under the standard local constitution wishing to amend provisions of its constitution and/or bylaws may do so in accordance with the amending provisions of its current constitution. Prior to amendments taking effect, NEC approval must be obtained by forwarding to the National President the amendments, together with a copy of the prior notice to the members and a copy of the minutes of the meeting showing adoption of the amendments by the proper majority.

SEC. 3(d). Expenditures by the Executive Board in excess of $500 per month must have prior approval of the local's members either as authorized by the budget approved by the local or by separate vote of the local's members. All expenditures authorized by the Executive Board will be reported in writing at the next regular meeting of the local. Upon request a copy of such report will be made available to any member in good standing of the local.

SEC. 4. AFGE, in accordance with provisions of the AFGE National Constitution, charters two types of locals: Regular Local and Insured Local.

AFGE_00000073

A Regular Local does not provide any life insurance benefits for its members. An Insured Local automatically includes life insurance programs for its members under the AFGE Insured Program.

Listed below are the steps to follow in organizing the two types of locals:

SEC. 4(a). REGULAR LOCAL

(1) Contact the NVP, National Representative, or organizer of the district or department and request a Charter Application form and a supply of literature and Membership Application forms for organizing a Regular Local;

(2) A minimum of ten United States Government employees is required to charter a Regular Local;

(3) Fill out the Charter Application form. Attach it to the copies of the membership forms for all charter members. If the charter member is a current member of another AFGE local, provide the name and address with the charter application. The above documents will be submitted to the NVP of the district for review and approval. After he or she has approved the Charter Application, he or she will transmit it to the NST;

(4) Appropriate per capita tax will be charged to the local's account by the NST upon receipt of the charter application. The local will be charged per capita tax for each new member subsequently enrolled;

(5) Effective January 1, 2016, the per capita tax is $20.91 per member per month and $1.50 per member per month for retired members; and the per capita tax for retired members will be raised by the exact amount required to cover the affiliation fees for the AFL-CIO retiree program; and

(6) Each local created under the provisions of this Constitution shall be established and maintained with a dues level high enough to allow adequate funds for the payment of per capita tax and to provide sufficient funds for the operating expenses of the local.

SEC. 4(b). INSURED LOCAL

(1) Contact the NVP, National Representative, or organizer of the district or department and request a Charter Application form and a supply of literature and Membership Application forms for organizing an Insured Local;

(2) A minimum of ten United States Government employees is required to charter an Insured Local. Each applicant must complete an AFGE Membership Application form in its entirety;

(3) Fill out the Charter Application form. Attach it to the copies of the membership forms for all charter members. If the charter member is a current member of another AFGE local, provide the name and address with the charter application. The above documents will be submitted to the NVP of the district for review and approval. After he or she has approved the Charter Application, he or she will transmit it to the NST;

(4) Appropriate per capita tax for each charter member will be charged to the local's account by the NST upon receipt of the charter application. The local will be charged per capita tax for each new member subsequently enrolled;

(5) Effective January 1, 2016, the per capita tax is $21.96 per member per month for insured members and $2.55 per member per month for retired insured members, and the per capita tax for retired members will be raised by the exact amount required to cover the affiliation fees for the AFL-CIO retiree program; and

AFGE_00000074

(6) Each local created under this Constitution shall be established and maintained with a dues level high enough to allow adequate funds for the payment for the per capita tax and to provide sufficient funds for the operational expenses of the local.

Each member of a local operating under the Insured Program who is under the age of 65 automatically will be covered for benefits according to the member's age as follows:

### AMOUNT OF INSURANCE

| Age (last birthday) of the Insured Member | First Unit | Each Added Unit |
|---|---|---|
| Less than 35 | $2,200 | $2,800 |
| 35-49 | 1,700 | 2,300 |
| 50-59 | 1,200 | 1,800 |
| 60-69 | 1,000 | 1,000 |
| 70 and over | 1,000 | 500 |

The amount of the insurance at any time depends on the age and on the number of units of insurance (one to five) elected by, and in effect for, the local to which the member belongs. The insurance amount changes as the age changes.

Because the insurance provides greater membership stability, every group of federal employees desiring to form an AFGE local will find it more advantageous to organize under this program. If a local organizes under the Insured Program, 100% of the eligible members must participate.

SEC. 5. Each local shall conduct an audit at least once a year and a certification made to the NST that such an audit has been made. This certification shall indicate the current membership.

SEC. 6. When the charter of a local is revoked or whenever a local disbands, its officers shall be required to turn over all books, records, property, and funds to the National President or his or her representative to be held on account. All such funds shall become the property of the Federation.

SEC. 7. Nothing in this or any other provision of this Constitution shall prevent a local from investing funds in state chartered credit unions as well as federal credit unions throughout the United States which operate on the same basis or in a federally insured savings and loan association. Such investment shall be authorized by a regular meeting of the local, and the investment must be secured by insurance, security, or collateral.

SEC. 8. Any bargaining unit employee alleging an arbitrary, discriminatory, or bad faith processing of the employee's grievance or other complaint shall appeal timely to the president of the employee's respective local. Such appeal must be in writing, alleging specific grounds, and must be accomplished within the time requirements set forth in the bargaining agreement or other applicable proceeding or immediately upon discovery of such alleged improper processing. Upon receipt of the written appeal, the president or designee(s) immediately shall conduct a review and

AFGE_00000075

take appropriate action as warranted. Invocation of this appeal procedure for matters of this nature is the exclusive remedy available to an aggrieved employee.

SEC. 9. Each national bargaining local shall receive a per capita tax rebate of $.10 per member per month.

---

ARTICLE XX
*Duties of Local President*

SECTION 1. The local presidents shall exercise general supervision over the affairs of their respective locals.

SEC. 2. The local president shall comply with the National and local Constitution. Further, the local president shall keep the membership apprised of the goals and objectives of the Federation.

---

ARTICLE XXI
*Councils*

SECTION 1. AFGE locals may form councils to be comprised of member locals in good standing; such councils are to be formed after due application and approval by the National Executive Council, which in turn will issue a charter under the same conditions applying to the locals. If the NEC does not approve the first application for a charter, within 30 days it must furnish in writing to all locals involved the reason why approval has not been granted and the specific actions which will lead to the granting of the charter. Upon completion of the stated actions the charter must be issued. AFGE locals having members represented by a council with national exclusive recognition or a national consolidated unit must pay the dues and/or per capita tax to the appropriate council and in accordance with the council's constitution. Retired members may pay national council or national consolidated unit council dues, but it is not mandatory unless the local of which they are a member requires them to do so. Locals not paying their national council or national consolidated unit council dues and/or per capita tax, as required, are subject to all penalties as prescribed in the AFGE National Constitution and the appropriate national council or national consolidated unit council constitution.

SEC. 2. An annual report of each council's activity, including the annual audit, shall be made to the National Office. Further, copies of official publications shall be furnished to the National Office.

SEC. 3. All councils shall be subject to the rules and regulations of AFGE and the NEC.

SEC. 4. Councils shall pay no per capita tax. They may have representation in, and be permitted to submit resolutions to, the National Convention.

SEC. 5. Only locals in good standing shall be affiliated with such councils.

AFGE_00000076

SEC. 6. Each council shall adopt a constitution and bylaws which shall be submitted to, and approved by, the NEC before a permanent charter of affiliation shall be issued. Councils shall send to the National President the amendments, together with a copy of the notice to the delegates, if required by the council constitution, and a copy of the minutes or transcript of the council meeting showing a quorum and adoption of the amendments by the proper majority. Amendments to such constitution and bylaws shall be approved by the NEC before becoming effective.

SEC. 7. No action shall be taken against national council officers by the NEC or National President without due process. Such due process will be consistent with the provisions of Article XXIII, and the trial or hearing panel shall be composed of three members, at least one of whom shall be a national council president and the second an independent arbitrator chosen from a list of seven arbitrators provided by the FMCS. The National Office shall strike the first name followed by the charged officer, with both parties alternating until one name remains.

SEC. 8. Where the charter of a council is revoked, or whenever a council disbands, its officers shall be required to turn over all books, records, property, and funds to the National President or his or her representative to be held on account. All such funds shall become the property of the Federation.

SEC. 9. Expenditures by the Council President in excess of $500 per month must have prior approval: (a) by the council's Executive Board, (b) as authorized by the budget approved by the delegates, or (c) by separate vote of the council's delegates. All expenditures authorized by the Executive Board will be reported in writing at the next regular meeting of the council. Upon request a copy of such report will be made available to any officer in good standing of the council.

---

## ARTICLE XXII
*Duties of Council President*

SECTION 1. The council presidents shall exercise general supervision over the affairs of their respective councils.

SEC. 2. The council president shall comply with the National and council Constitution. Further, the council president shall keep the membership apprised of the goals and objectives of the Federation.

---

## ARTICLE XXIII
*Offenses, Trials, Penalties, Appeals*

SECTION 1. Except as provided for under the powers of the National President in Article IX, Section 5, the local in which an individual member holds membership is the court of original jurisdiction for trial of charges against the local's members and officers, unless the charges arise out of or result from an individual's conduct or status as a council officer on matters concerning

28

AFGE_00000077

council operations, in which case the council has original jurisdiction for trial of such charges. The due process provisions of Article XXIII shall govern at the council level when a council officer is charged and tried in his or her capacity as a council officer. Members of the Federation, including officers, agents, and representatives of locals or councils, shall be tried for any of the offenses listed in Section 2 hereof.

SEC. 2. Charges may be preferred for conduct detrimental or inimical to the best interests of the Federation. Offenses against this Federation include the following:

(a) Advocating, encouraging, or attempting to bring about a secession from the Federation of any local or of any member or group of members. The conflict resolution program is not available. Penalty for conviction under this subsection shall be expulsion;
(b) Working in the interest of or becoming a member of the Communist Party or any other organization which advocates the overthrow of the democratic form of government under which our members live. The conflict resolution program is not available. Penalty for conviction under this subsection shall be expulsion;
(c) Violation of any provision of this Constitution or the constitution and bylaws of the local to which a member belongs;
(d) Making known the business of any affiliate of the Federation to management officials of any agency or other persons not entitled to such knowledge;
(e) Engaging in conduct unbecoming a union member;
(f) Engaging in gross neglect of duty or conduct constituting misfeasance or malfeasance in office as an officer or representative of a local. The conflict resolution program is not available after the committee of investigation has preferred charges;
(g) Incompetence, negligence, or insubordination in the performance of official duties by officers or representatives of a local or council or failure or refusal to perform duties validly assigned;
(h) Committing any act of fraud, embezzlement, mismanagement, or appropriating to one's own use any money, property, or thing of value belonging to the Federation or any affiliate. The conflict resolution program is not available after the committee of investigation has preferred charges;
(i) Refusing, failing, or neglecting to deliver at specified periods or on demand, in accordance with this Constitution or the constitution and bylaws of the local or council to which a member belongs, a full and accurate account of all monies, properties, books, and records for examination and audit; and/or
(j) Assisting, counseling, or aiding any member or officer of the Federation or any of its affiliates to commit any of the offenses herein set forth.

SEC. 3. Charges may be preferred by the National President, the National Executive Council, the National Vice President having jurisdiction over the local of which the accused is a member, or by a committee of investigation of the local. Any member may request conflict resolution or bring charges by first filing them with the local of which the accused is a member, and the charges shall be investigated by a committee of investigation appointed by the local president or by the majority of the local Executive Board if the local president is being accused. If it is the local president who brings charges against a member, then the local Executive Board shall appoint a committee of investigation. If a member of the local Executive Board is the accused member, he

AFGE_00000078

or she may not vote in the selection of the committee of investigation. No member of the Executive Board may serve on the committee of investigation. The local committee of investigation shall conduct and complete the investigation within 120 days of the filing of charges. If the committee of investigation finds probable cause and cannot settle the matter informally or through the conflict resolution process, it shall prefer charges upon the accused. Such charges shall be in writing and shall be served upon the accused by registered or certified mail at his or her last known address and the local of which the accused is a member also shall be served at its office or address of its highest ranking officer. The charges shall contain an allegation of the facts describing the nature of the offenses charged.

SEC. 4. The trial shall be conducted either (a) by all of the eligible members of the local's Executive Board or (b) by a trial committee elected by the membership and composed of not less than three nor more than seven members of the local. In any event, no member of a local union shall be eligible to serve on the board or trial committee for the hearing of charges under this Article if he or she is directly or indirectly involved in the matter which gave rise to the charges upon which the accused is to be tried. In no case will the committee of investigation and the trial committee be composed of any of the same members. The trial committee shall be elected by the membership of the local at the next regular meeting after the charges have been preferred or at a special meeting called for that purpose to be held not less than five days after a copy of the charges has been filed with the local. The body hearing the trial shall select from among themselves a presiding officer and a secretary and fix the time and place of the trial. The presiding officer shall notify the accused and those who preferred the charges by registered or certified mail of the time and place of trial, and such trial shall be held promptly but shall not be held less than two weeks after the mailing of the notice so as to insure the accused of a reasonable time to prepare his or her defense, nor more than 180 days after the preferring of charges, so as to insure a prompt trial. The conflict resolution program is not available after the trial commences.

SEC. 5. All parties shall be given full opportunity to present all relevant evidence and exhibits which they deem necessary to the proper presentation of their case and shall be entitled to cross-examine witnesses of the other party or parties. The accused shall have the privilege of being represented by representatives of his or her choice, except by a member of the trial committee or a member of the Executive Board when it is acting as a trial board or a representative of another labor organization.

At the discretion of the local union a verbatim transcript of the trial proceedings may be taken. For the purpose of creating an official record of the hearing conducted by the trial body, a verbatim transcript also shall mean a tape recording. In the event no verbatim transcript is made, the secretary of the trial body shall reduce the minutes of the trial to writing and include therein the substance of the testimony and all exhibits submitted at the trial. The secretary also shall furnish to each party a copy of the transcript or minutes, as the case may be, and each party within ten days after receiving said transcript or minutes shall submit to the secretary in writing any objections thereto. The record thus made shall constitute the record of the trial for the purpose of appeal, and in the event any party fails to attest to the correctness of the record or to file objections to the correctness of the record within the time limit prescribed herein, the transcript or minutes furnished by the secretary of the trial committee for the purpose of appeal shall be deemed to be a correct record of the trial procedure and of the evidence presented. All matters relating to the

AFGE_00000079

procedure of the trial not otherwise specified in this Section shall be determined by the trial body, and all parties and their respective counsel shall comply with all orders and directions of the trial body with respect to such matters. No member of the board or trial committee who absents him or her self from any session of a trial may participate in findings, decisions, or recommendations of the board or trial committee or file any concurring or dissenting opinion.

SEC. 6. Should the accused fail, refuse, or neglect to appear for trial after due notice, or after appearing refuse to comply with orders or directions of the trial committee relating to the conduct of the trial or otherwise attempt to obstruct or thwart the trial committee in its conduct of the trial, the trial committee shall proceed with the trial in the absence of the accused, hear such evidence as may be presented by witnesses who respond to notice, and render its findings, recommendation, and decision. However, the accused shall not be deprived of the privilege of being represented by a representative of his or her choice.

SEC. 7. At the next regular meeting of the local following the conclusion of the trial, as the first order of business, the trial body shall read the sustained charges against the accused. At that time the accused or representative may make a statement on his or her behalf to the membership. The trial body then shall submit to the local in writing and read its findings of the facts, decisions, and recommendations. The accused shall retire from the room when the vote of the membership is taken. The members of the local there assembled shall vote without debate solely on the question of whether to accept or reject the decision and recommendations of the trial body. The local by a majority vote of its members voting may fine, suspend, or expel the accused from its membership or suspend or remove the accused from any local offices which the accused may hold. No further trial shall be had on the same charges except for violation of the procedures described by the Constitution or of procedural due process, and then only if desired by a decision on appeal.

SEC. 8. The accused and those who preferred the charges shall be notified by registered or certified mail of the decision of the local. The notice to the accused shall be mailed to the last known address and shall advise the accused of available appeal rights. Any adverse decision against the accused shall remain in effect pending final appeal.

SEC. 9. Any officer or member fined, suspended, or expelled from membership or suspended or removed from office by a vote of his or her local may appeal such decision to the NEC, provided such appeal is filed in writing with the NST within 15 days after the officer or member is notified of the decision of the local. The NEC shall consider the appeal at its next regularly scheduled meeting or at a special meeting called for that purpose by the National President or two-thirds of the NEC. The NEC shall review the case and affirm or reverse the decision, reduce the penalty, or return the case to the local for a new trial before a different trial committee. If the decision of the NEC should affirm any adverse action taken against the appellant by the local, the appellant may further appeal to the next National Convention.

SEC. 10. All provisions relating to the trial procedures and appeals in local constitutions and bylaws must comply with the Rules and Regulations of the Assistant Secretary of Labor for Labor-Management Standards implementing Public Law 95-454, Standards of Conduct for Labor Organizations. This Article supersedes any provisions in local constitutions and bylaws which do not meet the basic democratic procedures prescribed in this Article.

31

AFGE_00000080

ARTICLE XXIV
*Revenues*

SECTION 1(a). THE REVENUES OF THE FEDERATION shall be obtained as follows, effective January 1, 2016:

(1) Regular Locals
The per capita tax is $20.91 per member per month and $1.50 per capita tax per member per month for retired members. The per capita tax for retired members will be raised by the exact amount required to cover the affiliation fees for the AFL-CIO retiree program.

(2) Insured Locals
The per capita tax is $21.96 per member per month for insured members and $2.55 per capita tax per member per month for retired insured members. The per capita tax for retired members will be raised by the exact amount required to cover the affiliation fees for the AFL-CIO retiree program.

SEC. 1(b). DEDICATED DISTRIBUTION OF FUNDS:

(1) Effective January 1, 1998, $1.00 is earmarked in the following manner: $0.38 toward affiliation, $0.35 toward inflation, and the remainder ($0.27) toward organizing.

(2) Effective January 1, 2002, an additional $1.50 is dedicated in the following manner: $.15 to education, $.10 to media, $.08 to national building fund, $.08 to savings, $.11 to contingency, $.04 to special political education, $.10 to computers, $.30 to Membership and Organizing, $.03 to coordinators, $.15 to legislation, $.04 to Women's Department, and $.12 to Fair Practices Department. Additionally, each bargaining council shall receive $.10 rebate for each of its dues-paying members from the foregoing increase, and effective January 1, 2007, AFGE's Defense Conference shall receive $.30 for each Department of Defense dues-paying member.

(3) Effective January 1, 2004, per capita tax is increased by $2.50 per month. $.25 of that per capita tax increase is dedicated to media; $.25 is dedicated to legislation. Effective January 1, 2004, these committees will be permanently funded and the expenditures from the contingency fund shall specifically include, but are not limited to the following: AFGE's Firefighter Steering Committee, the AFGE Law Enforcement Steering Committee, and the AFGE Hispanic Coalition at $15,000 each per year. They shall make all requests for funds through the Office of the National President to insure financial integrity and to insure that amounts expended are in accord with their approved annual budgets. Such requests shall be promptly processed and funds remitted to the designated payee.

(4) Effective January 1, 2007, per capita tax is increased by $2.00 per month. $.06 of that per capita tax increase is dedicated to legislative and privatization programs, $.06 to district member organizing program, $.10 to communications programs, $.06 to Women's/Fair

32

Practices programs and $.02 for conflict resolution program, $.02 to education program, $.10 to district operational, $.01 each to AFGE's Firefighters Steering Committee, Law Enforcement Steering Committee, Hispanic Coalition, and Nurses Committee, $.10 rebate to bargaining councils, and $1.44 to the general fund for AFL-CIO, inflation, and computer overhaul of mainframe ($.20).

(5) Effective January 1, 2010, per capita tax is increased $2.00 per member per month. $.28 of that per capita tax increase is dedicated to organizing and bargaining, $.28 to education, $.08 to districts, $.08 to lobbying, $.06 to AFL-CIO affiliation fees, $.03 to communications, $.05 rebate to bargaining councils, $.15 to DEFCON parity.

Effective January 1, 2012, per capita tax is increased by $.25.

(6) AFGE will allocate a minimum of 5 cents per member per year to the efforts of building and supporting the Y.O.U.N.G. movement within AFGE.

(7) Effective January 1, 2016, per capita tax is increased $1.16 per member per month. $.70 of that per capita tax is dedicated to lobbying and grassroots mobilization, $.32 for AFL-CIO state federation affiliation, and $.14 for education.

SEC. 1(c). EXCEPTIONS

(1) Those employees on a regular part time weekly schedule of 25 hours per week or less will be assessed per capita tax at a rate of 50%, and this rate will be applied to any employees who fall under the lowest pay scale in the federal sector (equivalent to below grade GS-4, Step 1). Locals must certify that the reduction in per capita tax applies only to eligible employees and is reflected in a reduction in local dues in an appropriate amount for those employees.

(2) Members that hold a permanent seasonal position will have the per-capita dues exempt, from the local's national billing, during their non-pay status, not to exceed six months long. These members will be considered as a member in good standing during their non-pay status. These members will not count toward voting strength of the local while in a non-pay status. These members will be responsible for any benefit fees that are incurred by that member while in non-pay status. The local's bylaws may address the level of local participation of the member while in non-pay status and reimbursement to the local for any monies deemed owed.

(3) A local will report all members under Article III, at the earliest possible time directly to the NST and/or My Local section on www.afge.org for exception. The exception to payment will not count against the local's total membership for the purpose of delegate representation.

SEC. 1(d). SERVICE FEE OR PAYMENT IN LIEU OF DUES

Consistent with law, an amount equal to the regular per capita tax or the service fee, whichever is less, shall be paid by the local union for each person making service or similar payments to the local in lieu of dues under agency shop or similar provision. The AFGE National Union shall

33

establish and implement a Hudson Plan and AFGE locals shall not be charged any cost for the establishment of a Hudson Plan(s) or the implementation of such a plan at the National level, as required by law.

Sec. 2. SPECIAL RETIREE AFFILIATION FEE

For those individuals who do not qualify for retiree membership in the Federation, the national affiliation fee is $50.00 per annum, effective September 1, 2006. The national affiliation fee for special retiree affiliation shall increase by the exact amount required to cover any increase in the affiliation fees for the AFL-CIO retiree program, and by the same percentage and on the same date as cost-of-living adjustments to federal annuities.

SEC. 3(a). A quarterly report will be issued to all Local and Council Presidents accounting for all expenditures regarding any per capita increase passed at the 2009 AFGE convention.   The report will also account for all earmarked items from previous per capita increases included in the AFGE constitution. The quarterly report will also contain implementation information regarding all resolutions adopted by the 2009 AFGE convention.

SEC. 3(b). A committee will be established consisting of two (2) Council Presidents, two (2) Local Presidents, two (2) NEC members, and chaired by the National Secretary-Treasurer, that will be charged with examining AFGE spending practices to find efficiencies and savings. The committee will also be assigned the responsibility of identifying any wasteful expenditures that can be modified or eliminated.  Such committee will also be assigned the task of devising a system of accountability so that AFGE members can be assured that AFGE is spending its resources pursuant to Convention mandates.  Such committee will report its findings and recommendations to the NEC for decision by May 1, 2010.   Committee findings and recommendations will be included in the subsequent quarterly report of expenditures to the Local and Council Presidents. If the NEC does not adopt the committee recommendations in full, the issue will be a mandatory issue for consideration at the next AFGE convention in 2012. All reports for dues will be posted on the members only section of the AFGE Website. These committee meetings shall occur in conjunction with quarterly NEC meetings, if possible, or if not by video conference or alternate means.

SEC. 4 [*Deleted*][1]

SEC. 5(a). Per capita tax of members of a Regular Local is due and payable on the 20th day of the following month, together with all other money owed by the local.

SEC. 5(b). Per capita tax of members of an Insured Local is due and payable on the first of each month, together with all other money owed by the local.

SEC. 6(a). Each month locals are provided billing statements showing all monies due for the current monthly billing cycle as well as any outstanding balances due from previous months.  If a local is in arrears in per capita tax payments or other payments to the National Office for more

---

[1] Section 4 was deleted by the 2015 AFGE National Convention.

34

than 90 days, its principal officers, if in the offices when the delinquency was created, may be suspended from office.

SEC. 6(b). Any local in arrears in its per capita tax or other payments to the National Office more than 90 days automatically will generate a review by the NST's Office in conjunction with the appropriate NVP. A certified letter of notification will be sent to the Executive Board that a review will be conducted and will state the time, date, and place. If the review substantiates the arrearages, then the local's dues deductions, at the direction of the National President with the concurrence of the NVP, will be sent directly from the agency to the Federation for a period of at least 12 months. The NST shall deduct the appropriate amount of per capita tax for both AFGE and any council, deduct an appropriate portion of the other obligations owed the Federation, and send the remainder to the local.

After 12 months, the NST will review the local's structure and other appropriate considerations and determine whether the direct dues process should be terminated. If the direct dues process is terminated and thereafter the local becomes delinquent for more than 90 days, the direct dues process will be reinstated and remain in place, except that if there is a change in the principal financial officers of the local, those officers can request reconsideration. The decision whether or not to reconsider is at the discretion of the National President.

SEC. 7. A suspended local may be reinstated to membership in the Federation upon payment of all arrearages.

SEC. 8(a). The financial officer or officers responsible for the custody of funds of an affiliate, and the NST, or any other person who handles money will be bonded.

SEC. 8(b). The affiliate must be bonded for at least ten percent of all the monies that are handled by the affiliate in the year.

SEC. 8(c). The National President shall negotiate on behalf of all affiliates a blanket position bond in the amount of $5,000 to cover up to five people who handle the affiliate's funds for the protection of the affiliate. In the event that an affiliate needs, desires, or is required by the Labor-Management Reporting and Disclosure Act of 1959, as amended, to be bonded for additional amounts or for additional people who handle the affiliate's funds, it shall be incumbent upon the affiliate to bear the additional expense of such additional bond. Each affiliate will be responsible for payment of all charges for all bonding of the affiliate, including the initial $5,000 blanket position bond negotiated by the National President, and each affiliate shall own all bonding paid for by the affiliate.

SEC. 8(d). In order for the bond to be effective, the affiliate must file within 90 days after the close of its fiscal year a copy of the AFGE form for the annual audit and a copy of the Department of Labor required form.

SEC. 9. All books, records, and fiscal accounts of a local or council shall be open at all times to the inspection of the national officers or accredited representative of the NEC and any duly authorized and accredited representative of the local or council.

35

---

ARTICLE XXV
*Health and Life Insurance Benefits*

SECTION 1. The Federation is authorized to conduct a program of health and life insurance.

---

ARTICLE XXVI
*Delegates to the AFL-CIO and Other Conventions*

SECTION 1. The national officers of the Federation shall designate and select the allotted number of members of AFGE to represent this Federation at the National Conventions of the AFL-CIO or such other conventions as may be designated, and the representatives shall attend all sessions of such convention, present such resolutions or proposals as are ordered to be presented by the National Convention of this Federation or the National Executive Council; and further, all delegates shall submit an official report of their activities.

SEC. 2. In the event a dispute regarding jurisdiction arises between AFGE and any other organization affiliated with the AFL-CIO that cannot be settled by conference and negotiations between representatives of the organizations involved, it shall be referred to the Executive Council of the AFL-CIO for settlement, and said Council's decision shall be final and binding to all parties of the dispute.

---

ARTICLE XXVII
*Mergers with Other Unions*

SECTION 1. The policy of the Federation is to seek and foster other unions to merge with the Federation, where it is in the best interests in fostering the strength and goals of the Federation.

SEC. 2. To effectuate this policy, the National Executive Council, upon recommendation of the National President, shall have authority to approve such mergers. In implementation of mergers, the National President shall have the authority, with the approval of the NEC, without regard to any other provision of this Constitution, to create new officer positions with voting rights on the NEC and new staff positions in the National Headquarters and in the field, where the creation of such positions is necessary for consummation of a merger.

---

ARTICLE XXVIII
*Amendments*

SECTION 1. This Constitution may be amended only by a two-thirds vote of the delegates present at any National Convention of AFGE.

AFGE_00000085

SEC. 2. Amendments must be submitted so as to reach the National Secretary-Treasurer not less than 60 days prior to the date of the National Convention, and published immediately thereafter.

SEC. 3. By a two-thirds vote of any National Convention, amendments to the Constitution may be brought up on the floor of the National Convention, even though they have not been submitted to the NST 60 days prior to the National Convention.

————————————

ARTICLE XXIX
*Initiating Proposals between National Conventions*

SECTION 1. There is hereby reserved to all locals in good standing the power to petition or to initiate proposals, provided that copies of such petition or proposals are submitted to the National Secretary-Treasurer from locals representing at least ten percent of the membership of the Federation. When such requirements are fulfilled, the NST shall cause the petition or proposal to be published in the next issue of *The Government Standard* with an invitation for comments to be submitted within 60 days in favor of and in opposition to the petition or proposal. The comments shall be published in *The Government Standard* as received. At the end of the 60-day period, the NST shall provide for the taking of a vote on the petition or proposal in the manner and form set forth in Section 2 of this Article. No proposition under this Section shall be declared adopted unless a majority of the membership in good standing votes in favor thereof.

SEC. 2. The voting upon any proposition arising under this Article shall be conducted by the NST upon tally sheets and ballots transmitted by the NST to the locals. A vote shall be taken by the locals after notice to the membership at a regular meeting. The NEC shall appoint three tellers, all of whom shall receive, check, certify, and announce the result of the voting conducted by the locals. The tellers shall report the results of said vote to the NST, who shall cause it to be published in the next issue of *The Government Standard*. The action shall become effective immediately upon adoption unless otherwise provided for.

AFGE_00000086

## APPENDIX A

## AFGE RULES OF CONDUCT FOR AN ELECTION

**PART I: DIRECT ELECTIONS**:
LOCAL OFFICERS AND DELEGATES

SECTION 1. GENERAL PROVISIONS

SEC. 1(a). The rules within this Appendix shall govern matters arising in connection with the conduct of elections to the following AFGE offices:

(1) All local officers which are designated by the local's constitution;
(2) All delegates, alternate delegates, and proxy delegates to a district caucus, council meeting, or the AFGE National Convention. As used herein, "delegate" refers not only to delegates but also to alternate delegates and proxy delegates;
(3) As used herein, "officer" or "office," unless otherwise specified, includes all the positions described above.

SEC. 1(b). These rules herein are integral provisions of the AFGE National Constitution. In the event another provision of the AFGE National Constitution concerns a matter addressed by these rules, to the extent the other provision is inconsistent, these rules shall control. If a provision within the constitution or bylaws of the AFGE entity conducting the election concerns a matter also addressed by these rules, to the extent that provision is inconsistent, these rules shall control.

SEC. 1(c). Officers shall be elected by secret ballot.

SEC. 1(d). Write-in candidates or write-in votes are prohibited and may not be counted as valid votes.

SEC. 1(e). To be qualified as an officer or candidate for office, an individual must meet the following qualifications:

(1) Be a member in good standing;
(2) Be a member for one year of an AFGE local, immediately preceding the closing of the nomination process. This requirement does not apply to newly created locals or to unit-specific positions in new units; and
(3) Must not be a member in any labor organization not affiliated with the AFL-CIO.

SEC. 1(f). Candidates shall not run for more than one office in the same local election; however, candidacy as a delegate shall not be considered to be covered by this provision.

SEC. 2. ELECTION COMMITTEES

SEC. 2(a). An Election Committee shall be constituted to conduct each election. The Committee shall consist of not less than three members, and if a larger Committee is required, it shall contain

38

an odd number of members. Its members shall be selected, and it shall meet a reasonable time before the commencement of the nomination procedure.

SEC. 2(b). No member of the Committee may be an incumbent of or candidate for the office for which the election is being conducted.

### SEC. 3. NOTICE OF NOMINATION AND ELECTION MEETINGS

SEC. 3(a). Members must be given a reasonable opportunity to nominate and elect candidates.

(1) Nominations and elections may be conducted either separately or combined at a meeting called for such purpose or by mail or secure and electronic option(s) as may be prescribed in the constitution or bylaws of the AFGE local conducting the election. Where nominations are conducted at a meeting called for that purpose, provisions should be made for the making and acceptance of nominations by alternative means for members who are absent from the meeting. Where an election is to be conducted at a meeting, provisions should be made to both reasonably accommodate the work or shift assignments of members and to allow for absentee ballots.

(2) Notices inviting members to submit nominations must inform all members of the offices to be filled, the time, date, place of the nomination meeting, if any, and the method for making nominations. If the nominations are to be made at a meeting, the notice also shall inform members of the manner whereby members who will be absent from the meeting may make and/or accept nominations.

(3) Notice of nominations only must be timely to provide members with a reasonable opportunity to nominate candidates. Such notice, at a minimum, must be given at least ten days prior to the date set for making nominations. If a single notice is used for nominations and elections, both the requirements relating to nominations and those relating to elections must be followed.

(4) Notices of election (whether the election is combined with the nomination or is a separate proceeding) must be mailed to each member at his or her last known home address not less than 15 days prior to the date of the election, or in the case of election by mail ballot, the date on which the ballot must be received to be counted. The notice shall specify the positions to be filled in the election, the time (including split-polling times if applicable), date, place, or manner of election (i.e., mail *or* manual ballot *or* secure and electronic option(s)), and provisions for runoff elections (including the same details as to procedures, time, and place, as required for the initial election). The notice also must provide instructions for absentee ballot where the election is to be conducted at a meeting, except at a combined nomination/election meeting.

SEC. 3(b). If any AFGE publication is to be used to provide notice for nominations or elections, such notice must be printed in a conspicuous place on the first page of the publication. If notice of the election is to be provided through the publication, it must be mailed to the members at least 15 days prior to the date of the election or, if the election is by mail ballot, the date on which the ballots must be returned.

SEC. 3(c). A quorum is not required for nominations and/or elections.

39

SEC. 3(d). When at the close of nominations a candidate is unopposed for the office, the Election Committee may choose to declare the candidate elected by acclamation and provide notice of such on the ballot.

## SEC. 4. CAMPAIGN RULES

SEC. 4(a). All candidates for office must be treated equally with respect to the availability of lists of members and mailing of campaign literature. Upon request of a candidate, the AFGE local Election Committee conducting the election shall comply with all reasonable and timely requests of the candidate to distribute to the members at the candidate's expense, by mail or otherwise, campaign literature in aid of his or her candidacy, provided the same opportunity is provided to all candidates.

SEC. 4(b). No monetary or other resources of AFGE or any employer shall be contributed or applied to promote the candidacy of any candidate in an election. Such resources include, but are not restricted to, dues monies and assessments, publications, facilities, office equipment, union or employer email, stationery, or other supplies. While the preceding restrictions apply to use of AFGE resources to promote the candidacy of any candidate, such resources may be used for such things as notices, factual statements of issues not involving the candidates, and other expenses necessary to conduct an election.

## SEC. 5. ELECTION PROCEDURES

SEC. 5(a). The election shall be conducted by one of the following methods, as prescribed by the constitution of the local conducting the election: manual ballot *or* mail ballot *or* secure and electronic option(s).

SEC. 5(b). The treasurer or secretary-treasurer shall furnish to the Election Committee the names and addresses of all members and an indication as to whether or not they are members in good standing. The Election Committee shall notify all members that nominations are invited; it also shall conduct the nomination and election process.

SEC. 5(c). The Election Committee shall prepare ballots. The candidates shall be listed either on the ballot, or if the election is conducted at a meeting and it proves necessary, by posting in the election area.

SEC. 5(d). Where an election is conducted by manual ballot:

(1) The Election Committee shall furnish to each member voting one ballot. The Committee also will provide for sealed ballot boxes in which members may deposit the ballots. Each ballot box will be under the personal supervision of a member of the Election Committee. The Committee will make appropriate arrangements to insure that each member votes a secret ballot such as, for example, individual booths, enclosures, or areas which provide such privacy to each member while voting.
(2) Members who are unable to attend the election polls, upon timely written request to the Election Committee, shall be furnished ballots and properly marked envelopes in which to

AFGE_00000089

return their ballots to the Election Committee. If timely returned, the absentee ballots shall be opened and counted with the remainder of the ballots.

SEC. 5(e). Where the election is conducted by mail:

(1) The Election Committee shall mail ballots to all members in good standing at their last known home address along with properly marked envelopes in which to return their ballots to the Election Committee. The mailing shall include instructions concerning the voting procedure and specify a deadline by date and time for the return of ballots to a specified location. The return envelopes shall provide for the insertion of a blank envelope (containing the marked ballot) within another envelope bearing the voter's name so as to ensure voter secrecy.
(2) As soon after the deadline as possible, the Election Committee shall convene to tally the ballots. Any ballots either received after the deadline or in envelopes which do not identify the ballot as that of an eligible voter shall not be counted as valid ballots.

SEC. 5(f). Each candidate shall be afforded an opportunity to have a reasonable number of observers who are members present throughout the election procedure, including the tally of ballots.

SEC. 5(g). At the conclusion of the balloting, the Election Committee shall tally the total ballots cast (or in an election by mail the ballots received), the ballots challenged, the ballots voided, the number of valid votes cast for each candidate, and the total number of valid votes cast. The Election Committee shall prepare a written report and inform the members of the results as soon as possible.

SEC. 5(h). A majority of the valid votes cast is required for election to any office except delegates, alternate delegates, and proxy delegates. If warranted, a runoff election shall be held as soon as possible.

(1) For a single office, a runoff election is warranted when none of the candidates for an office receives a majority vote. The runoff shall be between the two candidates receiving the greatest number of votes, whose position on the ballot shall conform with the order of their nomination.
(2) For multiple same-type positions other than delegate, alternate delegate, and proxy delegate elections, a runoff election is warranted when (i) the number of candidates receiving a majority of the valid votes exceeds the number of positions to be filled, or, (ii) some positions remain unfilled because fewer candidates received a majority vote than the number of positions to be filled. The runoff shall be among those candidates receiving the highest number of votes, and the number of candidates will correspond to the number of positions remaining to be filled, plus one. In the runoff, the candidate receiving the least number of votes will be eliminated, and the other candidates will be elected to the position.

SEC. 5(i). A plurality of the valid votes cast is required for election of delegates and proxy delegates. The candidate(s) for delegate receiving the most number of votes will be elected to the position(s). If the number of delegate candidates exceeds the number of delegate positions to be filled, then the candidates receiving the greatest number of votes will be elected as delegates, and the remaining candidates will be elected as alternate delegates unless otherwise stated in local bylaws.

41

SEC. 5(j). All election-related documents (including those pertaining to nominations and the minutes of any meetings) must be sealed and preserved by the Election Committee (who has authority to reopen the records) through the protest period and then turned over to the local secretary for one year after the election, unless the records are requested by higher authority in the appeal process or are still relevant. Councils and district caucuses will forward the election records to the NST at the National Office.

SEC. 6. DELEGATES TO DISTRICT CAUCUSES, COUNCIL MEETINGS, OR THE NATIONAL CONVENTION

SEC. 6(a). Delegates to district caucuses, council meetings, or the AFGE National Convention must be elected by secret ballot of the members on whose behalf they will serve as delegates. Delegates, alternate delegates, and proxy delegates must be elected by name and by plurality vote.

SEC. 6(b). Delegates may be nominated and/or elected as part of a regular election of officers or in a separate proceeding as may be prescribed by the constitution of the AFGE entity conducting the election. Officers of the appropriate AFGE entity, by virtue of their election to office, may serve as delegates, if prescribed by the applicable constitution. In filling a vacancy without an election, only a person who is appointed or succeeds from a position in which the person was a delegate by virtue of election to the office may be a delegate by virtue of office in the new position.

SEC. 6(c). In the election for delegates, members will be afforded the opportunity to determine the number of delegates, up to the full entitlement as provided by the national or council constitution involved.

SEC. 6(d). In the event that the entity on whose behalf a delegate is elected is unable to authorize funds sufficient to fund a full allotment of delegates, then the authorization shall be applied in the following order: (1) delegates selected by virtue of their elected position within the entity in accordance with the established hierarchy of positions; (2) other delegates in accordance with the number of votes received by each. A decision by an entity to authorize funds for less than the full number of delegates elected does not preclude the remaining delegates from participating at their own expense as delegates.

SEC. 6(e). Alternate delegates shall be selected as replacements for delegates, as appropriate, in accordance with the number of votes received by each.

SEC. 6(f). Any notice(s) of nominations and election pertaining to delegates shall inform members of the manner whereby delegates will be elected, as prescribed by this Section.

SEC. 6(g). Members must be given a reasonable opportunity to nominate and elect delegates prior to nominating and voting for a proxy delegate. Proxy votes may be carried only by a delegate whose own election as a delegate is in accordance with these rules.

PART II. INDIRECT ELECTIONS:

AFGE_00000091

NATIONAL PRESIDENT, NATIONAL SECRETARY-TREASURER, NATIONAL VICE PRESIDENT FOR WOMEN AND FAIR PRACTICES, NATIONAL VICE PRESIDENTS, NATIONAL FAIR PRACTICES AFFIRMATIVE ACTION COORDINATORS, NATIONAL WOMEN'S ADVISORY COORDINATORS, AND COUNCIL OFFICERS.

SECTION 1(a). The rules within this Part shall govern matters arising in connection with the conduct of elections to the following AFGE offices:

(1) All national officers:
    (i) National President, National Secretary-Treasurer, and the National Vice President for Women and Fair Practices;
    (ii) National Vice Presidents.
(2) All council officers designated by the council's constitution. As used herein, council includes state, district, and national councils of AFGE locals.
(3) Fair Practices and Women's Coordinators.

SEC. 1(b). The provisions of Appendix A, Part I, Section 1(b)-1(e), relating to the application of elections rules, the election of officers by secret ballot, the prohibition against write-in votes, and qualifications for office respectively also shall apply to elections covered in this Part, except that the qualifications for the offices of National President, National Secretary-Treasurer, National Vice President for Women and Fair Practices, National Vice Presidents, National Fair Practices Affirmative Action Coordinators, and National Women's Advisory Coordinators shall be governed by Article VII, Section 1(a) of the AFGE National Constitution.

SEC. 1(c). All elections conducted pursuant to this Part shall be by delegates selected by members of their respective locals in accordance with the procedures prescribed in Appendix A, Part I.

SEC. 1(d). To be qualified as an officer or candidate for office for a position covered by this Part, an individual must meet both the requirements established by Appendix A, Part I, Section 1(e) and any other qualifications established for that particular office.

SEC. 1(e). Elections shall be conducted for each office in the following manner:

(1) National President, National Secretary-Treasurer, and National Vice President for Women and Fair Practices at the AFGE National Convention. Special elections being held after the National Convention will be conducted by mail ballot or secure and electronic option(s).

(2) National Vice Presidents, Fair Practices Coordinators, and Women's Coordinators at individual district caucuses, in accordance with the Rules established by the National Executive Council. Each district shall elect one National Fair Practices Affirmative Action Coordinator and one National Women's Advisory Coordinator. These Coordinators comprise the AFGE National Human Rights Committee (NHRC).

(3) Council officers according to their constitutions.

43

AFGE_00000092

SEC. 2. ELECTION COMMITTEES

SEC. 2(a). An Election Committee shall be constituted to conduct each election. The Committee shall be constituted in the manner prescribed by Appendix A, Part I, Section 2.

SEC. 2(b). The selection to the Election Committee for national officers at the National Convention shall be made by the National President. For council officers, the Election Committee shall be constituted by the governing body of the council.

SEC. 3. NOTICE OF NOMINATIONS AND ELECTIONS

SEC. 3(a). Nominations and elections shall be conducted in accordance with Appendix A, Part I, Section 3 except as provided in this Part.

SEC. 3(b). Nominations and elections for officers shall be conducted as appropriate at the National Convention or district caucus. Nominations and election for council office shall be conducted either at a meeting called for that purpose and attended by delegates from the locals comprising the council or by mail or secure and electronic option(s), as may be prescribed in the constitution of the council.

SEC. 4. CAMPAIGN RULES

SEC. 4(a). The campaign rules prescribed by Part I, Section 4, shall apply except as provided in this Part.

SEC. 4(b). All declared candidates for national offices covered by this Part will be provided upon timely request the following information:

(1) A complete list of the names, business, and home addresses and business telephone numbers of the presidents, treasurers, and delegate(s) of each local participating in the election for which the candidacy has been declared.
(2) One set of mailing labels for the presidents, treasurers, and delegate(s) covered by subsection (1) above. Additional sets will be supplied each candidate upon written request. Each candidate shall be charged for each additional set on an actual cost basis.
(3) A list of the locals and their voting strengths as established by the AFGE National Constitution.

The above information shall be provided by the National Secretary-Treasurer.

SEC. 5. VACANCIES

SEC. 5(a). If a vacancy occurs in any office covered by this Part, the performance of the duties of that office and the election of a successor shall be conducted in accordance with the requirements of this Section.

AFGE_00000093

SEC. 5(b). In the event of a vacancy in the office of National President, the National Secretary-Treasurer shall succeed to the office of National President.

SEC. 5(c). In the event of a vacancy in the office of the National Secretary-Treasurer or the National Vice President for Women and Fair Practices, the National President shall perform the duties of the vacated position until a successor has been elected by the NEC to fill the unexpired term. If such a vacancy occurs, the National President immediately shall issue a call for the convening of the NEC within 60 days for the purpose of filling the vacancy.

SEC. 5(d). In the event of a vacancy in the position of a National Vice President, the National Secretary-Treasurer will cause a special caucus to be held by the district within 60 days of a vacancy. Elections shall be conducted in accordance with the rules for the regular election of National Vice Presidents.

SEC. 5(e). In the event of a vacancy in the National Fair Practices Affirmative Action Coordinator or the National Women's Advisory Coordinator within the district, the respective National Vice President shall appoint a member within 60 days to fill the vacancy until the next district caucus.

## PART III. ELECTION PROTESTS AND APPEALS

SECTION 1. All elected officers and delegates will assume their responsibilities after their respective elections and their installations as prescribed by the applicable constitution or bylaws, regardless of whether the election has been protested. They will remain in their respective offices until their terms expire or until newly elected officers are installed as a result of an ordered new or rerun election or a decision on a complaint or appeal by an Election Committee, a National Vice President, or the National President.

SEC. 2. Any affected member may protest the manner in which an election was conducted. All protests consisting of challenges to the eligibility of a member to vote or to the eligibility of a candidate or protests to any other conduct which occurred during an election shall be made by complaint in writing to the respective Election Committee. In local officer and delegate elections, such protests must be made to the local Election Committee prior to, during, or within ten days after the election. In council and caucus elections, such protests must be received by the respective Election Committee prior to, during, or within five days of adjournment of the council meeting or caucus. In National Convention elections, such protests must be received by the Election Committee prior to adjournment of the National Convention. The Election Committee shall consider and/or investigate the complaint and attempt to resolve the protest(s) or to render a decision within 15 days after receipt of the complaint. An extension of time up to 30 additional days is permissible for the Election Committee to render a decision, if it notifies the complainant(s) by certified mail of this extension.

SEC. 3. After a decision by the Election Committee or in absence of such a decision, the complainant may elevate the complaint by appeal within 15 days of the due date of the Election Committee's decision to:

AFGE_00000094

(a) The respective National Vice President if the election is for local officers or delegates;
(b) The National President if the election is for officers of a council or officers at a district caucus. In a National Convention there is no appeal of a decision of the Election Committee.

All appeals must set forth the exact nature and specifications of the complaint and how the alleged infraction(s) affected the outcome of the election. If the Election Committee orders that an election be rerun, any adversely affected incumbent officer may appeal this order in the manner prescribed above.

SEC. 4. Upon receiving a timely appeal of an Election Committee's decision, the respective National Vice President when a local election is involved, or the National President when a council or caucus election is involved, shall consider all aspects of the complaint by investigation or other means, such as a hearing as he or she deems appropriate. If it is found that no violation has occurred, or if a violation has occurred which did not affect the outcome of the election, the National Vice President or the National President, as the case may be, shall dismiss the appeal. If it is found that a violation has occurred which may have affected the outcome of the election, the National Vice President or the National President shall order a new or rerun election under his or her supervision or a designated representative.

SEC. 5. A National Vice President's decision on an appeal from a local Election Committee's decision shall be issued within 30 days after receipt of the appeal and shall be the final determination. The National President has discretionary authority to review the National Vice President's decision if an appeal postmarked within 15 days of receipt or the due date of the National Vice President's decision contains the appeal to the National Vice President and his or her decision and provides evidence that the National Vice President committed the election irregularity. The National President also may entertain such an appeal of a National Vice President's decision if it is clearly demonstrated that:

(a) The issues specifically raised are of significant and Federation-wide impact;
(b) On its face, a determination or non-determination made by a National Vice President is so arbitrary and capricious that it abridges the members' basic rights in the electoral process.

If the National President entertains such an appeal, appropriate action may be taken based on further findings as to whether a violation occurred which may have affected the outcome of the election. There is no further appeal from the National President's decision.

AFGE_00000095

## APPENDIX B

### Standard Local Constitution

ARTICLE I
*Name*

SECTION 1. This local union shall be known as the American Federation of Government Employees, Local No. __, AFL-CIO, __ (agency, location) as set forth in its charter. See AFGE National Constitution, Article XIX, Section 1.

SEC. 2. The headquarters and mailing address of this local shall be prescribed in the local's bylaws.

———————————

ARTICLE II
*Objectives and Methods*

SECTION 1. This local does not advocate the overthrow of the Constitutional form of government in the United States. The local does not discriminate with regard to race, creed, color, national origin, sex, age, political affiliation, disability, marital status, sexual orientation, or preferential or nonpreferential civil service status; and is not subject to corrupt influences or influences opposed to basic democratic principles.

SEC. 2. In the event any member(s) of the local is employed within a unit represented by an AFGE national bargaining council, the local shall affiliate with the national council(s). See AFGE National Constitution, Article XXI. The local shall pay dues and/or per capita tax to the national council for those members of the local employed within the unit represented by the council, as may be prescribed by the constitution of the council. See AFGE National Constitution, Article XXI, Section 1.

SEC. 3. This local is a separate, independent organization functioning in conformance with the AFGE National Constitution. Neither the local nor its officers, employees, members, or other persons has the authority to act, nor shall it be deemed to act on behalf of or as agent for the Federation or any of its other affiliates, unless such authority as applicable is expressly granted by the Federation by written authorization of the National President, or by an affiliate by written authorization in accordance with its governing procedures.

———————————

ARTICLE III
*Membership*

SECTION 1. All persons eligible for AFGE membership as prescribed by Article III of the AFGE National Constitution and who come within the local's jurisdiction as defined by its charter shall be eligible for membership in this local.

———————————

47

ARTICLE IV
*Dues and Initiation Fees*

SECTION 1. Dues shall be established and adjusted as may be necessary to ensure that they allow adequate funds for the payment of per capita tax and sufficient funds for the operating expenses of the local. See AFGE National Constitution, Article XIX, Section 4(a)(6) and 4(b)(6). Any change in the dues structure shall be accomplished by:

(a) Majority vote by secret ballot of the members in good standing voting at a general or special membership meeting after reasonable notice of the intention to vote upon such question; or
(b) By majority vote of the members in good standing voting in a membership referendum conducted by secret ballot.

SEC. 2(a). The local shall establish in its bylaws the amount of its initiation fee and the amount of its membership dues. See AFGE National Constitution, Article XIX, Section 4(a)(4)-4(a)(6) and 4(b)(4)-4(b)(6). Dues may be paid by payroll deduction or by advance payment for such intervals as prescribed by the local: quarterly, semiannually, or annually. If payroll deduction is available, a local may adopt a bylaw requiring payment of dues by this method. The local may establish a separate dues rate for retired members.

SEC. 2(b). Members may be dropped if dues are not paid by Tuesday of the last full workweek of the month, provided, however, that a reasonable amount of time after notice of delinquency is given.

SEC. 2(c). Local representatives, collectors, and shop stewards shall make remittance of all dues and initiation fees collected to the Treasurer within ten days and no later than the Tuesday of the last full workweek of the month.

———————————

ARTICLE V
*Financial Records and Reporting*

SECTION 1. All receipts, checks, and cash disbursements shall be properly recorded and accounted for in the financial records.

SEC. 2. The Treasurer shall sign and the President shall countersign checks covering proper expenditures for the local. In the absence of either the Treasurer or the President, such other officer as prescribed by the local's bylaws may sign in place of the absent officer.

SEC. 3. The officers, agents, shop stewards, or other representatives or employees of this local who handle funds or property thereof shall be bonded in accordance with law and applicable regulations. See AFGE National Constitution, Article XXIV, Section 8.

SEC. 4. In order for the bond to be effective, the local shall file with the National Secretary-Treasurer a copy of its annual audit in the format prescribed by Article XXIV, Section 8(d) of the

AFGE_00000097

AFGE National Constitution.

SEC. 5. All books, records, and financial accounts at all times shall be open to the inspection of the national officers or accredited representative of the National Executive Council and any duly authorized and accredited representative of the local. See AFGE National Constitution, Article XXIV, Section 9.

---

### ARTICLE VI
*Elected Officers*

SECTION 1(a). The general officers shall be elected by the total membership and shall constitute the Executive Board of this local, and shall consist of the President, Treasurer, and Secretary and such others as the local's bylaws may prescribe. The local may adopt a bylaw combining the offices of Treasurer and Secretary.

SEC. 1(b). The local may establish bylaws which provide for the election of officers who are elected solely by members of a particular unit or work area and may provide that these officers will serve on the Executive Board.

SEC. 2. It shall be the duty and obligation of all local officers and all other official representatives of the local, whether elected or appointed, to support, advance, and carry out all provisions of the AFGE National Constitution, the standard local constitution and bylaws, official policies of the Federation and, to the extent not inconsistent with the foregoing, all official policies of the local. See AFGE National Constitution, Article XX, Section 2.

SEC. 3. The President shall be the executive officer of this local; he or she shall exercise general supervision over the affairs of the local and see that other officers comply with the responsibilities of their office and constitutional duties; comply with the National and standard local Constitutions; keep the membership apprised of the goals and objectives of the Federation; serve as an ex-officio member of all committees except the Election Committee, Audit Committee, and committee of investigation, or trial committee when he or she is bringing the charges or is directly or indirectly involved in the matter which gave rise to the charges; automatically serve by virtue of election to office as a local delegate to the district caucus, council meetings, the AFGE National Convention, and such other meetings participated in by this local as the local may be entitled; preside at all local meetings; and sign all documents pertaining to the office. If the President is unable to perform his or her regular duties because of sickness, leave, TDY, or for some other legitimate reason, he or she shall delegate the responsibilities of that office to the officer designated in the local's bylaws as provided for in Section 4 of this Article.

SEC. 4. The local shall prescribe in its bylaws that the Treasurer or Secretary (or such other officer as the local may establish) shall assist the President in performing the duties of that office. If the President is absent from a local meeting, the officer so designated will preside. In the absence of the President and the officer so designated to assist him or her, a chair will be chosen by the members from among those in attendance.

AFGE_00000098

SEC. 5. The duties of the Treasurer shall be to maintain a bookkeeping system as prescribed by the National Secretary-Treasurer; make a financial report at each regular meeting; keep an up-to-date roll of the members; receive all monies and/or dues paid into the local and receipt thereof; keep records of all transactions; deposit money in the bank to the credit of the local; make regular monthly reports to the NST, which includes furnishing names and addresses of all new members or members who have severed their affiliations with the local and furnishing notification of changes in members' addresses; forward per capita tax to the National Headquarters in accordance with the requirements of the AFGE National Constitution (For regular locals per capita tax is payable before the end of each month, and all monies owed the Federation must be forwarded to the NST not later than the 20th day of the following month. See AFGE National Constitution, Article XXIV, Section 5(a). For insured locals per capita tax is payable in advance to the NST before the first day of each month. See AFGE National Constitution, Article XXIV, Section 5 (b).); and perform additional duties and responsibilities as outlined in the AFGE *Financial Officers Manual.* Disbursements for payment of current bills (other than per capita tax, and approved budgeted expenditures) shall be approved by the local.

SEC. 6. The duties of the Secretary shall be to keep a complete record of the minutes of all meetings; maintain all election related documents (including copies of those pertaining to nominations, notices of meetings, and the minutes of any meetings, all of which must be sealed and preserved for one year after the election unless the records are requested by higher authority in the election appeal process or are still relevant), see AFGE National Constitution, Appendix A, Part I, Section 5(j); keep up-to-date the official copy of the bylaws of the local; conduct correspondence when directed by the President; and send out notices of meetings when required.

SEC. 7. No officer or agent of the local shall engage in any business or financial activities with or on behalf of this local which conflict with his or her fiduciary obligation to the local.

---

ARTICLE VII
*Election Procedures*

SECTION 1. The local's elections shall be conducted in accordance with the AFGE National Constitution and Appendix A thereof. Officers shall be elected for such terms as prescribed by the local's bylaws. No term shall exceed three years.

SEC. 2(a). In accordance with Appendix A, Part I, Section 1(e) of the AFGE National Constitution, the minimum qualifications for candidacy to local office are that a member must:

(1) Be a member in good standing;
(2) Be a member for one year of an AFGE local, immediately preceding the closing of the nomination process. This requirement does not apply to newly created locals or to unit-specific positions in new units; and
(3) Not be a member in any labor organization not affiliated with the AFL-CIO.

See AFGE National Constitution, Appendix A, Part I, Section 1(e).

50

Sec. 2(b). Candidates shall not run for more than one office in the same local election; however, candidacy as a delegate shall not be considered to be covered by this provision.

Sec. 2(c). No person who is identified with corrupt influences or who is affiliated with the Communist party or other totalitarian movements may serve as an officer of the local.

Sec. 3. The local shall prescribe in its bylaws the manner by which its elections will be conducted (*choose one*): manual ballot *or* mail ballot *or* secure and electronic option(s).

Sec. 4. In the case of a vacancy in the office of President, such officer as may be prescribed by the local's bylaws shall fill the office for the unexpired term. Vacancies in any other office unless otherwise prescribed by the local's bylaws shall be filled for the unexpired term by appointment by the Executive Board.

---

## Article VIII
### *Executive Board and Committees*

Section 1. The Executive Board shall meet at the call of the President.

Sec. 2. It shall be the duty of the Executive Board to devise and initiate such actions as may be necessary in the interim between the local's meetings, but such actions shall not be inconsistent with the objectives of the Federation and shall be subject to local approval.

Sec. 3. Expenditures by the Executive Board in excess of $500 per month must have prior approval of the local's members either as authorized by the budget approved by the local or by separate vote of the local's members. All expenditures authorized by the Executive Board will be reported in writing at the next regular meeting of the local. Upon request a copy of such report will be made available to any member in good standing of the local.

Sec. 4. The Executive Board shall prepare an annual budget subject to the membership's approval, which shall ensure at a minimum that the local's revenues are sufficient to meet its financial obligations.

Sec. 5. Standing and special committees may be established in the manner prescribed by a local's bylaws.

---

## Article IX
### *Delegates*

Section 1. Delegates, alternate delegates, and proxy delegates to the AFGE National Convention, district caucus, and council meetings must be elected by name and in accordance with applicable provisions of the AFGE National Constitution. See AFGE National Constitution, Article VI, Article VIII and Appendix A, Part I, Section 6.

AFGE_00000100

SEC. 2. The local's President if elected to that office shall serve as a delegate to the AFGE National Convention, district caucus, council meetings, and such other meetings at which the local is entitled to representation. If the local is entitled to additional delegates, the additional delegates shall be elected by an election called for that purpose, unless the local's bylaws prescribe that the local's other officers shall serve as delegates by virtue of election to their office. In filling a vacancy without an election, only a person who is appointed or succeeds from a position in which the person was a delegate by virtue of election to the office may be a delegate by virtue of office in the new position.

———————————————

ARTICLE X
*Offenses, Trials, Penalties, Appeals*

SECTION 1. All offenses, trials, penalties, and appeals shall be accomplished in accordance with the AFGE National Constitution. See AFGE National Constitution, Article IX, Section 5 and Article XXIII.

———————————————

ARTICLE XI
*Bylaws*

SECTION 1. The local shall establish bylaws, establishing among other things the frequency and location of regular meetings, provisions for calling special meetings, a regular order of business, provisions for a quorum, the date, manner and location of nominations and elections, and other operating procedures of the local.

SEC. 2. No bylaw shall conflict with the provisions of the AFGE National Constitution, this constitution or, if applicable, the constitution of a national bargaining council.

SEC. 3. Bylaws shall be adopted and amended only after a one month notice to the local's membership and by two-thirds vote of members, either present at a membership meeting and voting, with provision for absentee vote, or by mail ballot. Such bylaws do not require NEC approval. Locals shall send a copy of their bylaws, the notice and membership meeting minutes to the district office.

SEC. 4. Copies of this constitution and the local's bylaws shall be available upon request to the Secretary to all members in good standing of the local.

———————————————

52

AFGE_00000101

## MODEL LOCAL BYLAWS

NOTE: THESE MODEL BYLAWS ARE INTENDED TO SERVE AS A GUIDE FOR LOCALS; THEY WILL NOT APPLY UNLESS ADOPTED BY A LOCAL.

SECTION 1. The headquarters of the local is __, __, __ (street or P.O. Box, city, state and zip code). [If different] The mailing address is __, __, __ (street or P.O. Box, city, state and zip code).

SEC. 2(a). Regular meetings of the local shall be held on the __, (first, second, third, last) __ (day of week) of the __ (month, quarter, year).

SEC. 2(b). The meetings shall be held (*choose one:* at a time and place selected by the local *or* the meetings shall be held at __ (location), commencing at __ (time)).

SEC. 3. Special meetings may be called by the President, two-thirds vote of the Executive Board or upon written petition of at least ten percent of the membership. Five days written notice of the specific purpose of the meeting must be given to the membership. No business other than that specified in the notice will be discussed.

SEC. 4. Only members of the local in good standing shall be allowed to vote.

SEC. 5. The regular order of business will be:

(a) Roll call of officers
(b) Reading of the minutes of the previous meeting
(c) Report of financial condition by Local Treasurer
(d) Reports of committees
(e) Unfinished business
(f) New business
(g) Comments for the good of the local
(h) Adjournment

SEC. 6. A quorum of this local shall consist of __ (number). A quorum of any committee shall consist of a majority of the members thereof.

SEC. 7. Unless otherwise specified by law (e.g., secret ballot election or dues) or by constitution, all questions before the local will be decided by vote of the members present first by voice vote, then by a showing of hands.

SEC. 8. The time allowed for debate of any particular issue before the local and the time allowed for speeches will be __ (number of minutes or hourly fraction). The time allowed for debate may be extended by a majority of those present and voting.

SEC. 9. The general officers of this local who comprise the Executive Board are as follows:

President

AFGE_00000102

Treasurer (local may choose to combine the office of Treasurer and Secretary)
Secretary
__ (other officer, title)
__ (other officer, title)
__ (other officer, title)

NOTE: For officers other than President, Treasurer or Secretary (whose duties are prescribed by the standard local constitution, Article VI), if the local decides to establish other offices, its bylaws should reflect the duties to be performed by each, none of which should conflict with the duties prescribed in Article VI.

SEC. 10. The __ (title of officer) shall assist the President in the performance of the duties of that office. See standard local constitution, Article VI, Sections 3, 4.

SEC. 11. In the case of a vacancy in the office of President, the __ (title) shall fill the office for the unexpired term. See standard local constitution, Article VII, Section 4.

SEC. 12. A Sergeant-at-Arms shall be (*choose one:* elected by vote of the local's membership *or* appointed by the President). The Sergeant-at-Arms shall ensure that no one enters the meetings without proper authority; assist the presiding officer in the maintenance of order; welcome and introduce guests; see that each member's presence is recorded in a log; provide a roll to call should the recording of individual votes be necessary, and perform other duties as may be assigned by the presiding officer.

SEC. 13. A Chief Steward and such other stewards as may be necessary shall be (*choose one:* appointed by the Executive Board *or* elected by vote of the local's membership).

SEC. 14. Nominations of officers shall be held in __ (month) and elections and installation shall be held in __ (month) after proper notice to local members. A quorum is not required for nominations and/or elections. See AFGE National Constitution, Appendix A, Part I, Section 3. Candidates shall not run for more than one office in the same election; however, candidacy as a delegate shall not be considered to be covered by this provision. A runoff election, if necessary, shall be held as soon as possible at the same meeting or by mail ballot or secure and electronic option(s).

SEC. 15. An Election Committee shall be constituted at a meeting preceding the start of the nomination procedure. See AFGE National Constitution, Appendix A, Part I, Section 2.

SEC. 16. All officers will be administered the "Oath of Union Officers" contained in the AFGE National Constitution upon their installation in office. Officers shall serve for __ year terms, beginning in __ (year). (Note: Terms shall not exceed three years from installation.)

SEC. 17. The current edition of *Robert's Rules of Order Newly Revised* shall govern the proceedings of all meetings of the local, when not inconsistent with the provisions of the standard local constitution, the AFGE National Constitution, or these bylaws.

AFGE_00000103

SEC. 18. The local's delegates to the AFGE National Convention, district caucus, and national council meetings, after proper notice to the local's members (see AFGE National Constitution, Appendix A, Part I, Section 3), shall be elected at a meeting of the local, excepting the local's President who if elected to that office serves by virtue of office. At that or a subsequent meeting, the local shall vote upon the authorization of funds for the delegates' attendance at the National Convention, caucus, or council meetings. See AFGE National Constitution, Appendix A, Section 6(d).

SEC. 19. Such committees as may be established by the local shall be comprised of members (*choose one:* appointed by the President subject to the approval of the Executive Board (except for the Election Committee) *or* elected by the local's members). See Section 15 of these bylaws.

SEC. 20. The initiation fee for members shall be $__ (amount).

SEC. 21. The dues shall be $__ (amount) *or* the dues shall be $__ (amount). The amount for retired members shall be $__ (amount).

SEC. 22. This Local shall affiliate with any and all Central Labor Councils having jurisdiction over its members.

SEC. 23. The Local will be encouraged to develop a strategic action plan each year to include goals in all of, but not limited to, the following areas: Organizing and Workplace Representation to include Legislative and Political Mobilization, Strengthening the Local, Education, and Communications.

NOTE: The AFGE National Constitution at Article XIX, Sections 4(a)(6) and 4(b)(6) and the standard local constitution at Article IV, Section 1 require that each local establish and maintain a dues level high enough to allow adequate funds for the payment for the per capita tax and to provide sufficient funds for the operational expenses of the local. It is strongly recommended that each local consider as a minimum dues level an amount such that biweekly dues are at least equal to monthly per capita tax. Locals also are encouraged to adopt a bylaw which prescribes that the local's dues shall be increased automatically by the amount, if any, by which the National Convention increases the per capita tax. See standard local constitution, Article IV, Section 1 and Article XI, Section 3.

AFGE_00000104

## APPENDIX C

## CONVENTION RULES

SECTION 1(a). Resolutions, including those calling for amendment to the AFGE National Constitution, shall be referred by the Convention Chair to the appropriate workshops for their consideration and report, unless otherwise directed by the Convention. Workshop delegates/ participants shall elect a chair, reporter, and parliamentarian. The National President shall designate National Vice Presidents to serve as temporary chairs of each workshop for the sole purpose of electing chairs and other official positions of that workshop. NVPs and staff may serve otherwise as advisors to the workshops as designated by the National President. For the Workshop on Constitution and Internal Policy, the official parliamentarian of the National Convention shall serve as the parliamentarian of the Workshop. Workshop specialists shall be appointed by the National President. No resolution shall be received after 12:00 noon on the second day without the consent of two-thirds of the delegates present and voting.

SEC. 1(b). Each workshop shall report to the Convention on the matters submitted to it for consideration. With regard to resolutions, a report shall identify the resolutions referred to the workshop for its consideration. Each workshop shall make a separate recommendation for each resolution. Any resolution adopted by a workshop which will establish a program requiring additional funding from the general fund will be accompanied by a cost analysis and a statement of the per capita tax necessary to meet the new funding need.

SEC. 1(c)(1). Each delegate shall select a workshop that he or she desires to participate in, and may switch workshops until 4:00 p.m. Monday afternoon. Any duly seated delegate at the Convention is allowed to attend the Workshop on Constitution and Internal Policy, regardless of any other procedures in place. Alternate delegates may participate in workshop discussion but will not be permitted to vote.

SEC. 1(c)(2). A majority of the votes of delegates/participants in each workshop present and voting shall be required to submit the workshop report to the National Convention.

SEC. 1(c)(3). The Constitution and Rules Committee and Resolution Committee will continue to function and convene as they have in the past at National Conventions.

SEC. 2(a). All reports, main motions, substitute motions, or amendments before the National Convention shall be decided by a majority vote of the delegates present and voting excepting: (1) amendments to the AFGE National Constitution which require a two-thirds vote of the delegates present and voting, or (2) where stated otherwise herein.

SEC. 2(b). All questions before the National Convention will be decided by a vote of the delegates present and voting first by a yea or nay, then by a standing vote and then, if requested by delegates representing 25% of the delegates at the National Convention, the voting procedure will be by roll call.

AFGE_00000105

SEC. 3. A delegate rising to address the National Convention first shall announce his or her name, local or council, and district number. Delegates must use the microphone assigned to their respective district.

SEC. 4. If a delegate while speaking is called to order at the request of the Chair, the delegate shall be seated until the question of order is resolved.

SEC. 5. Should two or more delegates rise to speak at the same time, the Chair shall decide who is to have the floor.

SEC. 6. No delegate shall interrupt another in his or her remarks save only to call a point of order.

SEC. 7. Speeches from the floor shall be limited to three minutes but may be extended by unanimous consent. Debate on any main motion together with any secondary motions made during its discussion shall be limited to 30 minutes to be divided equally between the proponents and the opponents of the pending question, with the exception of per capita tax and restructuring debate, which time may be extended by a two-thirds vote of the National Convention.

SEC. 8. No delegate shall speak more than once upon a question until after all those who wish to speak have had an opportunity to do so.

SEC. 9. A motion shall be open for discussion only after it has been seconded and stated from the Chair.

SEC. 10. A motion to reconsider shall be entertained only when made by a delegate voting in the majority, and in order to carry must receive a two-thirds vote of the National Convention.

SEC. 11. A member discussing the pending motion may not close his or her remarks with an undebatable motion.

SEC. 12. The reports of committees and workshops shall be subject to simple amendment from the floor. Substitutions and complex amendments shall be submitted to the Chair in writing for presentation to the Convention as are other motions and resolutions.

SEC. 13. All resolutions shall be duly authenticated as to source. Except while constitutional amendments are being considered on the floor, to be eligible for consideration resolutions must be officially submitted by a chartered local or council, the National Executive Council, or an official committee of the Federation.

SEC. 14. All committees and workshops shall report on all subject matters presented to them for consideration.

SEC. 15. Alternate delegates shall be permitted to sit in all the sessions of the National Convention in a set-aside area, but shall not have voice or vote in the deliberations of same except in the absence of an accredited delegate. Alternate delegates may be seated in the absence of

AFGE_00000106

accredited delegates upon presenting to the district Sergeant-at-Arms credentials approved by the Credentials Committee and verification of the delegate's absence. An alternate delegate can become a delegate only if the delegate he or she is replacing: (a) is shown not to be seated at the Convention, (b) permanently leaves the Convention or (c) becomes incapacitated.

SEC. 16(a). The Convention shall meet in plenary session on Monday at 10:00 a.m.

SEC. 16(a)(1). The chair of the Election Committee will preside over matters pertaining to the nomination and election process. Nominations shall be made in writing stating the name of the candidate and signed by the delegate making the nomination. Nominations shall be received by the chair of the Election Committee before 4:00 p.m. on Monday.

SEC. 16(b). On Tuesday the Convention will reconvene in plenary session at 9:00 a.m.

SEC. 16(b)(1). The chair of the Election Committee will announce the members who have been nominated for office, giving each candidate the opportunity to accept or decline the nomination. No person may be a candidate for more than one office. The order of speeches by candidates for each office shall be determined by lot. Speeches shall be made only by the candidates and shall be limited to ten minutes per candidate. A candidate shall be declared elected if he or she is the only person nominated for that particular office or if the other nominee(s) for that office declines the nomination.

SEC. 16(b)(2). Workshops shall convene immediately after nominations or at 1:30 p.m. in separate sessions. The workshops shall remain in session until 6:00 p.m. unless extended by a vote of the delegates in any workshop.

SEC. 16(c)(1). On Wednesday the polls will be open for the election of officers from 7:30 a.m. through 11:30 a.m. In the event a runoff election is required, the chair of the Election Committee shall notify each workshop of the time for balloting.

SEC. 16(c)(2). On Wednesday at 9:00 a.m. each workshop will reconvene in separate session. Each workshop shall remain in session until it adopts a report to the National Convention.

SEC. 16(c)(3). Each workshop's report to the Convention shall be submitted to the Chair of the Convention immediately following the workshop's completion of its business but not later than Thursday at 6:00 a.m.

SEC. 16(c)(4). No committee working or council meeting shall be held while the National Convention is in session, except at the direction of the Chair and with the concurrence of the delegates present. No Convention business other than the election of officers will be in order while the workshops are in session.

SEC. 16(d). On Thursday the Convention will reconvene in plenary session at 9:00 a.m. to take up the Convention business.

58

SEC. 16(e). On Friday the Convention will reconvene in plenary session at 9:00 a.m. to take up the Convention business. The Convention shall adjourn upon the completion of such business or 5:00 p.m., whichever comes first. In the event there remains unfinished business, the Convention shall not be adjourned until the delegates are given an opportunity to consider and vote upon an omnibus resolution disposing of the remaining business.

SEC. 16(f). An outside independent organization for the conduct of elections, hereafter known as the organization, shall be responsible for the conduct of the election under the supervision of the Election Committee. The organization shall have the authority to prepare ballots, employ registration clerks, tally the ballots cast for a candidate, and certify the results of the vote to the chair of the Election Committee before the Committee's report to the National Convention. The representative of the organization shall have the right to make a report to the National Convention independent of the report of the Election Committee.

SEC. 16(g). The organization shall provide as many voting booths as is necessary to expedite the conduct of the election.

SEC. 16(h). In any case where there is more than one candidate for any office, elections shall be conducted by secret ballot. The organization shall prepare and supply ballots in printed or electronic form or secure and electronic option(s). If printed, each delegate shall be given ballots with a total numerical value equal to the total number of votes the delegate is entitled to cast, divided in such a manner as to best protect the secrecy of the votes. Any delegate representing one or more locals as a proxy delegate, if so requested, will be given separate ballots for each local the delegate represents. Write-in votes shall not be valid for any purpose.

SEC. 16(i). The Election Committee in conjunction with the organization shall provide suitable accommodations which will assure the delegates the opportunity to mark their ballots in secret and further shall provide and announce the location of polling booths at which delegates shall cast their ballots. Any candidate whose name is to appear on the ballot shall have the right to have present an official observer of his or her own choosing in all places where ballots bearing the candidate's name are to be cast or counted.

SEC. 16(j). The Credentials Committee shall supply to the organization books and records containing the list of locals represented at the National Convention, the number of votes to which each is entitled, and the names of the delegates from each local properly seated at the National Convention. As each delegate appears to vote, the delegate will present Convention identification before a ballot or ballots are issued or before the delegate is allowed to vote. If the delegate is authorized to cast all ballots on behalf of the delegate's local, the delegate also shall turn in the Voting Authorization Form properly signed by the other delegates from the delegate's local. If voting by manual paper ballot, after marking the ballot or ballots, the delegates shall place the ballots in a ballot box. If voting by electronic means, the delegates shall cast their votes by the prescribed means.

SEC. 16(k). A majority of the votes cast for any officer shall be required to elect. If no candidate receives a majority, then a new ballot shall be prepared which shall contain the names in the order of their nomination of the two candidates receiving the greatest number of votes, and a runoff

AFGE_00000108

election shall be held as soon as possible after the new ballots have been prepared by the organization.

SEC. 16(l). In the event candidates for one of the offices cannot be reduced to two due to a tie, the candidate(s) with the leading plurality plus the candidate(s) involved in the tie at the next lesser plurality for the specific office shall be placed on the ballot in the order of their nominations.

SEC. 16(m). The organization will continue to conduct the election procedure by runoffs as necessary as soon as possible until a candidate has received the majority of votes for each office.

SEC. 16(n). The aforementioned ballots and the tabulations of each vote cast shall be sealed and for a period of one year placed in the custody of the organization.

SEC. 17. All complaints occurring during the National Convention against either officers or delegates must be submitted in writing and immediately referred without debate to the proper committees for appropriate action. Any delegate whose conduct tends to disrupt the National Convention or interfere with the maintenance of democratic procedure, upon a majority vote of the delegates present, may have his or her credentials temporarily suspended and be barred from the National Convention floor, until a committee composed of 12 Sergeants-at-Arms who have been appointed by 12 NVPs has rendered a determination as to the appropriate action, provided that the Chair first shall have warned the delegate that failure to abide by the Chair's instruction will result in such a vote.

SEC. 18. The current edition of *Robert's Rules of Order Newly Revised* shall be the guide on all matters not otherwise prescribed by these rules.

SEC. 19. These rules may be amended or suspended by a two-thirds vote of any National Convention of the American Federation of Government Employees.

AFGE_00000109

## OATH OF UNION OFFICERS

"I, _____, do hereby sincerely promise and pledge my honor that I will perform the duties of my office as prescribed by the Constitution and regulations of this Federation. I will be loyal and true to the American Federation of Government Employees, AFL-CIO.

"I will deliver to my successor in office all books, papers, and other property of this Union which may be in my possession at the close of my official term. I further agree to deliver such papers and property to the National President of the Union or his or her authorized agent upon demand. All this I solemnly promise." (Installing officer raps gavel one time to seat members, then continues.)

"Fellow members, I now present to you your officers for the ensuing term. May I exhort you to render them the fullness of your loyalty and repose in them your utmost confidence. I know with that loyalty and confidence -- and I feel certain it will be accorded -- these officers will have no difficulty in carrying on for this organization. I am grateful to you for the service you have rendered to the American Federation of Government Employees and know you will continue this service."

AFGE_00000110

## OATH OF UNION MEMBERSHIP

"I, _____, of my own free will and accord do hereby solemnly promise and pledge my honor that I will be loyal and true to the American Federation of Government Employees, AFL-CIO.

"I will abide by the laws and regulations as laid down in the National Constitution of the American Federation of Government Employees. I will support the products and services of organized labor by making purchases of such products and services whenever I can do so without serious injury to myself or my dependents. I will protect the interest and good name of the Federation at all times and will aid a fellow member whenever I can do so without injury to myself or those dependent upon me. I pledge my loyalty to the Government of the United States and the faithful performance of my official duties. All this I solemnly promise."

AFGE_00000111

# LIST OF EMERITUS, MEMORIALIZED AND DECEASED EMERITUS OFFICERS

## EMERITUS OFFICERS

NATIONAL PRESIDENT

Kenneth T. Blaylock
1976-1988

Bobby L. Harnage, Sr.
1997-2003

John Gage
2003-2012

NATIONAL SECRETARY-TREASURER

Nicholas J. Nolan
1974-1986

Rita R. Mason
1997-2000

Jim Davis
2000-2006

DIRECTOR OF THE WOMEN'S
DEPARTMENT

Mable Louise Smothers
1974-1980

Barbara Hutchinson
1980-1988

Joan C. Welsh
1988-1994

Kitty Peddicord
1994-2000

NATIONAL VICE PRESIDENT

Charles W. Carter, Sr.
District 13
1974-1990

James H. Lynch, Jr.
District 15
1978-1988

Peter J. Grossi
District 1
1986-1996

Garret E. Anglin
District 11
1986-1998

Jimmy R. Whitman
District 4
1988-1999

David J. Schlein
District 14
1988-2002

Mary Lynn Walker
District 5
1999-2002

Jeffrey R. Williams
District 3
1990-2009

Roy Pannell
District 6
1988-1999

Rogelio "Roy" Flores
District 10
1996-2014

Derrick F. Thomas
District 2
1998-2014

**MEMORIALIZED AND DECEASED
EMERITUS OFFICERS
LOCAL LEADERS, COUNCIL
PRESIDENTS, NATIONAL
REPRESENTATIVES, FAIR
PRACTICE AND WOMEN'S
COORDINATORS**

NATIONAL PRESIDENT

John F. Griner
1962-1972

Dennis Garrison
1976-1976

John N. Sturdivant
1988-1997

EXECUTIVE VICE PRESIDENT

Wayne F. Buckle
1982-1982

NATIONAL SECRETARY-TREASURER

Esther F. Johnson
1956-1970

Douglas H. Kershaw
1970-1974

Allen H. Kaplan
1986-1991

NATIONAL VICE PRESIDENT FOR
WOMEN AND FAIR PRACTICES

Andrea E. Brooks
2000-2009

NATIONAL VICE PRESIDENT

Frank H. Wright
District 4
1946-1970

John J. Smith
District 3
1967-1968

Rudolph A. Johnson
District 13
1967-1974

Morton J. Davis
District 11
1967-1986

Ralph B. Biser
District 14
1967-1973

Kermit I. Tull
District 9
1968-1976

Royal L. Sims
District 3
1968-1986

Harold E. McLeod
District 12
1975-1978 and 1986-1993

Ralph G. Fitch, Jr.
District 4
1970-1986

Daniel J. Kearney
District 1
1968-1976, 1978-1986

Kenneth C. Walsh
District 6
1974-1982

Sammy L. Penington
District 9
1976-1986

Glen J. Peterson
District 10
1976-1993

2

AFGE_00000113

Oren D. Sanders
District 9
1986-1990

Charlotte G. Flowers
District 5
2002-2011

Robert C. Nelson
District 7
1986-2001

Bobby W. Ball
District 9
1990-1996

Virgel W. Miller
District 8

1968-1990

James S. Farrar
District 3
1987-1990

Dwight Bowman
District 14
2005-2013

Beverly J. Garrett
Local 1336

3

AFGE_00000114

## SOLIDARITY FOREVER

When the union's inspiration thru the worker's blood shall run,
There can be no power greater anywhere beneath the sun,
Yet what force on earth is weaker than the feeble strength of one,
But the union makes us strong.
CHORUS

They have taken untold millions that they never toiled to earn,
But without our brain and muscle not a single wheel could turn.
We can break their haughty power, gain our freedom when we learn,
That the union makes us strong.
CHORUS

In our hands is placed a power greater than their hoarded gold,
Greater than the might of armies magnified a hundred fold.
We can bring to earth a new world from the ashes of the old,
For the union makes us strong.
CHORUS

CHORUS:
Solidarity forever, Solidarity forever,
Solidarity forever, for the union makes us strong.

AFGE_00000115

Printed November 2015 _____

AFGE_00000116

# Paroan Decl. Exhibit 3



★ ★ ★

# NOTICE OF HIRE – EMPLOYMENT STATUS
# AND ACKNOWLEDGEMENT OF WAGE RATE(S)

| Notice of Hire (Check only one) | |
|---|---|
| □ At Hire    ✓Current Employee    □ Annual–Current Date_____ | ✓Change in pay rate(s) or payday |

Effective Date: 06 / 12 / 2016

## Section 1

| Employer | Employee |
|---|---|
| Company Name: American Federation of Government Employees | Employee Name: NST Eugene Hudson, Jr. |
| DBA: AFGE | Redacted - Personal Information |
| Permanent Address: 80 F Street, N.W. | |
| Street Line 2: | |
| City: Washington    State: DC | |
| Zip Code: 20001 | |
| Mailing Address: ⊠ Same as Physical Address | Mailing Address: □ Same as Physical Address |
| | |
| Department: | Street Line 2: |
| | City: _____ State: _____ Zip Code: _____ |
| Phone: ( 202 ) 737 - 8700 | Phone: (____) _____-_____ |

## Section 2

### Pay Frequency and Payday

Frequency of Pay: Bi-weekly            Designated Pay Day: Friday

## Section 3

### Allowances Claimed As Part of Wages

✓ Premium Pay
✗ Attorney Bonus            ✓ — Yes
✓ Longevity Award
✓ Membership Increase Bonus    ✗ — No
✓ 401(K) Contrbution
✓ Car Allowance
✓ Per Diem
✓ Pension
✓ Metro Check program with a benefit of up to $80
✗ Licensing fees

---

### Section 4 : Tipped Employees

No AFGE employee receives gratuities as part of his or her compensation.  There is no company tip pool.

| Section 5 |
|---|

| Basis of Wage Payment |
|---|

☐ Minimum Wage        ☐ Living Wage        ☐ Living Wage Exempt        X Employer Determined Wage Rate

Pay Basis: $157,971.00/Year _____ (hourly, shift, day, week, salary, piece, commission)

| ☐ Hourly | ☐ Multiple Rates for Overtime |
|---|---|
| Rate of Pay: _____ per hour | Rate of Pay on weekday & Saturday: _____ (1 ½ times the regular rate) <br> Rate of Pay on Sunday & holidays: _____ ( 2 times the regular rate) |
| ☑ **Overtime Pay Exemption for bona fide** <br> ☐ **Administrative** <br> ☑ **Executive** <br> ☐ **Professional** | *No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed. |

| Section 6 |
|---|

| ☐ Prevailing Rate (if Applicable) |
|---|

AFGE employees are not paid pursuant to the Davis Bacon Act or the Service Contract Act.

| Section 7 |
|---|

The Department of Employment Services, specifically the Office of Wage-Hour (OWH), is to be contacted as that office is the designated enforcement agency for the concerns about safety, wage and hour, or discrimination. The OWH can be contacted at 202-671-1880 or via e-mail at owh.ask@dc.gov . The office is located at 4058 Minnesota Avenue, NE, Suite 4300 Washington, D.C. 20019. The office is open Monday –Thursday 8:30-4:30 and Friday 9:30-4:30.

| Section 8 |
|---|

Employee Acknowledgement: By signing below, I acknowledge that I have received the foregoing information regarding my pay and my Employer. I told my employer what my primary language is:
Check one:
English
☐ I have been given this pay notice in English.
Other Language
☐ _____. I have been given this pay notice in English only, because Office of Wage-Hour does not yet offer a pay notice form in my primary language.
Employee's Signature: _____  Date 1 7 16
Employer's Signature: _____  Date 7, 7, 16

# Paroan Decl. Exhibit 4

**SALARY TABLE 2016-DCB**
**INCORPORATING THE 1% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 24.78%**
**FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-ARLINGTON, DC-MD-VA-WV-PA**
**TOTAL INCREASE: 1.46%**
**EFFECTIVE JANUARY 2016**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 22,888 | $ 23,653 | $ 24,414 | $ 25,172 | $ 25,933 | $ 26,378 | $ 27,131 | $ 27,890 | $ 27,920 | $ 28,626 |
| 2 | 25,733 | 26,346 | 27,198 | 27,920 | 28,236 | 29,068 | 29,899 | 30,730 | 31,561 | 32,392 |
| 3 | 28,078 | 29,014 | 29,950 | 30,886 | 31,821 | 32,757 | 33,693 | 34,629 | 35,565 | 36,501 |
| 4 | 31,521 | 32,571 | 33,622 | 34,673 | 35,723 | 36,774 | 37,825 | 38,875 | 39,926 | 40,977 |
| 5 | 35,265 | 36,441 | 37,616 | 38,792 | 39,967 | 41,142 | 42,318 | 43,493 | 44,669 | 45,844 |
| 6 | 39,311 | 40,621 | 41,931 | 43,241 | 44,551 | 45,862 | 47,172 | 48,482 | 49,792 | 51,102 |
| 7 | 43,684 | 45,140 | 46,597 | 48,053 | 49,509 | 50,965 | 52,421 | 53,878 | 55,334 | 56,790 |
| 8 | 48,378 | 49,991 | 51,603 | 53,215 | 54,827 | 56,439 | 58,051 | 59,664 | 61,276 | 62,888 |
| 9 | 53,435 | 55,215 | 56,996 | 58,776 | 60,557 | 62,338 | 64,118 | 65,899 | 67,679 | 69,460 |
| 10 | 58,844 | 60,805 | 62,767 | 64,728 | 66,690 | 68,651 | 70,613 | 72,575 | 74,536 | 76,498 |
| 11 | 64,650 | 66,805 | 68,960 | 71,115 | 73,270 | 75,425 | 77,579 | 79,734 | 81,889 | 84,044 |
| 12 | 77,490 | 80,073 | 82,656 | 85,238 | 87,821 | 90,404 | 92,987 | 95,570 | 98,153 | 100,736 |
| 13 | 92,145 | 95,217 | 98,289 | 101,361 | 104,433 | 107,505 | 110,578 | 113,650 | 116,722 | 119,794 |
| 14 | 108,887 | 112,517 | 116,146 | 119,776 | 123,406 | 127,036 | 130,666 | 134,296 | 137,926 | 141,555 |
| 15 | 128,082 | 132,352 | 136,622 | 140,892 | 145,162 | 149,432 | 153,702 | 157,971 | 160,300 * | 160,300 * |

* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2016 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2016/locality-pay-area-definitions/

# Paroan Decl. Exhibit 5



## NOTICE OF HIRE – EMPLOYMENT STATUS
## AND ACKNOWLEDGEMENT OF WAGE RATE(S)

| Notice of Hire (Check only one) | |
|---|---|
| □ At Hire   ☑ Current Employee   □ Annual–Current Date_____ | □ Change in pay rate(s) or payday |

Effective Date: 01 /01 /2017

### Section 1

| Employer | Employee |
|---|---|
| Company Name:American Federation of Government Employees | |
| DBA: AFGE | |
| Permanent Address: 80 F Street, N.W. | Eugene Hudson, Jr. |
| Street Line 2: _____ | Redacted - Personal Information |
| City: Washington   State: DC | |
| Zip Code: 20001 | |
| Mailing Address: ☒ Same as Physical Address | Mailing Address: □ Same as Physical Address |
| Department: _____ | Street Line 2: _____ |
| | City: _____ State: _____ Zip Code: _____ |
| Phone: ( 202 ) 737 - 8700 | Phone: (____) ____-____ |

### Section 2

#### Pay Frequency and Payday

Frequency of Pay: Bi-weekly          Designated Pay Day: Friday

### Section 3

#### Allowances Claimed As Part of Wages

☑ Premium Pay
☒ Attorney Bonus
☑ Longevity Award
☑ Membership Increase Bonus
☑ 401(K) Contrbution
☑ Car Allowance
☑ Per Diem
☑ Pension
☑ Metro Check program with a benefit of up to $80
☒ Licensing fees

#### Section 4 : Tipped Employees

No AFGE employee receives gratuities as part of his or her compensation.  There is no company tip pool.

| Section 5 |
|---|

| Basis of Wage Payment |
|---|

☐ Minimum Wage     ☐ Living Wage     ☐ Living Wage Exempt     X Employer Determined Wage Rate

Pay Basis: $\$16 \ 900.18$ _____ (hourly, shift, day, week, salary, piece, commission)

| ☐ Hourly | ☐ Multiple Rates for Overtime |
|---|---|
| Rate of Pay: _____ per hour | Rate of Pay on weekday & Saturday: _____ (1 ½ times the regular rate)<br>Rate of Pay on Sunday & holidays: _____ ( 2 times the regular rate) |
| ☐ Overtime Pay Exemption for bona fide<br>  ☐ Administrative<br>  ☑ Executive<br>  ☐ Professional | *No employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed. |

| Section 6 |
|---|

| ☐ Prevailing Rate (if Applicable) |
|---|

AFGE employees are not paid pursuant to the Davis Bacon Act or the Service Contract Act.

| Section 7 |
|---|

The Department of Employment Services, specifically the Office of Wage-Hour (OWH), is to be contacted as that office is the designated enforcement agency for the concerns about safety, wage and hour, or discrimination. The OWH can be contacted at 202-671-1880 or via e-mail at owh.ask@dc.gov . The office is located at 4058 Minnesota Avenue, NE, Suite 4300 Washington, D.C. 20019. The office is open Monday –Thursday 8:30-4:30 and Friday 9:30-4:30.

| Section 8 |
|---|

Employee Acknowledgement: By signing below, I acknowledge that I have received the foregoing information regarding my pay and my Employer. I told my employer what my primary language is:
Check one:
English
☐ I have been given this pay notice in English.
Other Language
☐ _____. I have been given this pay notice in English only, because Office of Wage-Hour does not yet offer a pay notice form in my primary language.
Employee's Signature: _____    Date __/__/__

Employer's Signature: _____    Date 2/6/17

AFGE_00000012