**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **EUGENE HUDSON, JR.,**<br><br>    **Plaintiff,**<br><br>        **v.**<br><br>**AMERICAN FEDERATION OF**<br>**GOVERNMENT EMPLOYEES,**<br><br>    **Defendant.** | **Civil Action No. 17-2094 (JEB)** |

## ORDER

While Defendant American Federation of Government Employees appeals an adverse jury verdict, it moves this Court to hold in abeyance Plaintiff Eugene Hudson, Jr.'s request for attorney fees. Given the complexity and enormity of such request, the Court agrees that delaying resolution is the better course; it will thus grant the Motion.

## I.    Legal Standard

A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Hisler v. Gallaudet University, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979)). Under Local Civil Rule 54.2(b), where a party has appealed, "the Court shall make a specific determination as to whether, in the interest

1

of justice, the fee issues, in whole or in part, should be considered or be held in abeyance pending the outcome of the appeal."

## II.    Analysis

Currently appealing Hudson's $100,000 verdict, AFGE urges the Court to hold his fee motion in abeyance. It contends that this is the more efficient course inasmuch as a defense victory on appeal would moot the fee issue, potentially saving the Court time that need not be spent. This is particularly significant here, given the exceedingly high fee demand and the need for protracted fee litigation. See ECF No. 139 (Def. Mot.) at 1–2. Defendant also believes that addressing fees now would then arguably "lead to piecemeal appeals." Id. at 2. While this last point offers a weaker rationale — since if AFGE loses on appeal, there could easily be another appeal on fees — the earlier points are strong. For example, even though the Court believes its decisions have been correct, it cannot ever guarantee an affirmance on appeal. More important, Hudson's surprisingly high fee demand, when coupled with some facial deficiencies AFGE notes, id. at 3–6, means that the process to resolve the fee dispute could be quite extensive and may require discovery. Waiting to begin such a process until necessary appears prudent. Plaintiff's counsel, moreover, would not receive any money even if the Court proceeded to hear the matter now since she would have to await the merits appeal and, very possibly, an appeal on fees.

Other courts have exercised their discretion similarly. For example, in Forras v. Rauf, 74 F. Supp. 3d 1 (D.D.C. 2014), Judge Rothstein held a fee petition in abeyance pending appeal, explaining that "even if the decision is upheld on appeal, the Court will likely face another motion for attorney fees related to the cost of the appeal process. Such a motion would raise issues similar to those in the present motion for attorney fees . . . . Therefore, much of the

subsequent analysis would be duplicative." Id. at 3.  Another district court in Tennessee held

similarly, stressing the size of the fee request:

> The Court finds that the substantial amount requested, coupled with the fact that this litigation has been pending for close to a decade, demonstrate that the decision on fees and costs and the necessary review of materials will be substantial.  . . .  If this appeal were to be decided in favor of the Defendant, all of the resources expended on deciding the petition will have been for naught. Moreover, the Court finds that even if it were to determine an appropriate amount of fees and costs to be awarded, the Defendant would likely move to produce a bond or other surety in lieu of paying the amount to Plaintiffs until the appeal is decided. It is, thus, unlikely that the Plaintiffs would receive the award at the time of the decision by the undersigned.

Kucera v. Jefferson Cty. Bd. of Sch. Comm'rs, No. 03-593, 2013 WL 5701674, at *1–2 (E.D.

Tenn. Oct. 18, 2013).

Hudson rejoins that the Court should not reward AFGE for waiting for several months to

file this Motion.  See ECF No. 140 (Pl. Opp.) at 2.  Yet this point ignores the fact that the parties

in the interim were litigating Defendant's Motion for Judgment as a Matter of Law, which, if

successful, would have mooted the fee request.  See ECF No. 119 (Def. JMOL Mot.).  Plaintiff

also simultaneously moves for disclosure of defense counsel's fees on the ground that this will

assist the Court in assessing the reasonableness of Plaintiff's counsel's own fee request.  See Pl.

Opp. at 3.  As the Court is holding the latter in abeyance, it will also deny without prejudice

Plaintiff's Motion.

## III.   Conclusion

For the foregoing reasons, the Court ORDERS that:

1.  Defendant's [139] Motion to Hold in Abeyance Plaintiff's fee motion is GRANTED;

2.  Plaintiff's [120] Motion for Costs and Fees is STAYED;

3.  Plaintiff's [141] Motion for Bredhoff and Kaiser's fees is DENIED WITHOUT

    PREJUDICE; and

4.  The parties shall file a joint status report within seven days after the issuance of the

    mandate from the Court of Appeals.


                                                    /s/ *James E. Boasberg*
                                                    JAMES E. BOASBERG
                                                    United States District Judge

Date:  December 13, 2021